**STATE ex rel. DAVIS v. BARNETT et al.**

No. 9542—Opinion Filed March 12, 1918.

Rehearing Denied April 16, 1918.

(171 Pac. 1109.)

(Syllabus.)

1. **Prohibition — Other Ordinary and Usual Remedies.**

Prohibition, being an extraordinary remedy, cannot be resorted to when ordinary and usual remedies provided by law are available.

2. **Same — Lower Court's Exercise of Jurisdiction.**

The district court entered judgment in strict conformity to the opinion and mandate of the Supreme Court, and thereafter, pursuant to statute, a new action was commenced by the losing party, within time, for the purpose of setting aside such judgment, "For fraud practiced by the successful party in obtaining the judgment." Held that, the district court having jurisdiction of the person and subject-matter of the action, the Supreme Court will not interfere by prohibition with the exercise of such jurisdiction, especially where it appears that the inferior court was not asked in any form to refrain from proceeding with the trial of said cause.

Original application for writ of prohibition by the State of Oklahoma, on the relation of J. Warren Davis, executor, etc., against Willard J. Barnett and others. Writ denied.

Embry, Crockett & Johnson, for plaintiff.

H. H. Smith, Baldwin & Carlton, and W. N. Maben, for defendants.

KANE, J. This is an original application in the Supreme Court for a writ of prohibition against the district court of Pottawatomie county. It seems that after the mandate affirming the judgment of the trial court in Re Nichols' Will, Phebus et al. v. Vinson et al., 64 Okla. 241, 166 Pac. 1087, was received by the trial court, the same was spread of record and judgment ren-

dered in pursuance of said mandate. Thereupon the losing parties in that cause commenced an action against the prevailing parties to set aside the judgment rendered against them, "For fraud practiced by the successful party in obtaining the judgment," pursuant to section 5267, Rev. Laws Okla. 1910. After the petition was filed and the summons served in this latter action, J. Warren Davis, executor of the last will and testament of Harriet Nichols Cook, deceased, commenced this original proceeding in prohibition in the Supreme Court.

We are of the opinion the writ should be denied. There can be no question—indeed, it is conceded by counsel for both sides—that by virtue of the foregoing statute the district court has power to vacate or modify its own judgments and orders at or after the term at which such judgment or order was made "for fraud practiced by the successful party in obtaining the judgment," and therefore the district court has jurisdiction of both the person and subject-matter of the action sought to be prohibited. In these circumstances, counsel for defendant contend that it is a well-settled rule that, where an inferior court has jurisdiction of the subject-matter and the parties, and an appeal will lie from any order or judgment that may be rendered, pending which appeal such order or judgment may be superseded, a writ of prohibition will not lie, even though such court may make an erroneous application of the law to the facts alleged. In support of this doctrine, they cite the folowling authorities which seem to sustain their contention: Pioneer T. & T. Co. v. City of Bartlesville, 27 Okla. 214, 111 Pac. 207; Pendley v. Allen, 45 Okla. 510, 145 Pac. 1157; Mose v. District Court of Marshall County, 46 Okla. 654, 149 Pac. 240; Morrison v. Brown, Judge, et al., 26 Okla. 201, 109 Pac. 237; Hirsh et al. v. Twyford et al., 40 Okla. 220, 139 Pac. 313. It is also contended that, by a rule generally observed by the courts, an application for a writ of prohibition, restraining an inferior court from proceeding in a cause, will not be entertained, unless a plea to the jurisdiction has been filed and overruled in the lower court, or, at any rate, until lack of jurisdiction of the cause is called to the attention of the lower court in some manner. In support of this proposition, they cite Mays v. Breckenridge, 43 Okla. 711, 142 Pac. 407; 32 Cyc. 624.

On the other hand, counsel for plaintiff contend for the application of a rule, the purport of which may be gathered from the following excerpt from their brief:

"Touching the second, third, and fourth contentions in defendant' brief; that the district court has jurisdiction to set aside a judgment obtained by fraud, practiced by the successful party; that the relator has a plain, speedy, and adequate remedy at law; and that relator did not make application to the district court to dismiss the action which he seeks to prohibit—we submit, as before, that proceedings to set aside a judgment affirmed by this court so far involves the jurisdiction of the district court that the Supreme Court, upon application for writ of prohibition, may inquire into such proceedings to see if it is an unwarranted interference with the judgment. And we submit further that if the petition in the district court does not state a cause af action, and is virtually admitted, such is certainly an unwarranted interference with a judgment solemnly affirmed by this court."

As supporting this rule, counsel cite State ex rel. v. Superior Court, Spokane County, 8 Wash. 591, 36 Pac. 443; People ex rel. v. Lake County District Court, 26 Colo. 386, 58 Pac. 604, 46 L. R. A. 850; City of Charleston v. Littlepage, Judge, 73 W. Va. 156, 80 S. E. 131, 51 L. R. A. (N. S.) 353; 16 Enc. Pl. & Pr. 1115—1118. We find the rule contended for succinctly stated in 32 Cyc. 609, under the head of "Prohibition," as follows:

"The writ will lie to restrain the court below from interpreting the decisions of the appellate court and enforcing decrees different from those rendered by it. And of course where a cause has been appealed and a judgment rendered by the appellate court, interference therewith on the part of the lower court by any proceeding in the cause other than such as is directed by the appellate court will be prohibited."

State ex rel. v. Superior Court, supra, is the only case cited in support of the text. In that case the proceeding prohibited was in the nature of a bill of review which some of the authorities hold cannot be commenced without first obtaining permission of the appellate court. It was held that the jurisdiction of the lower court was involved in a case like that to the extent that on an application for a writ of prohibition the Supreme Court might look to the cause of action for the purpose of determining whether the suit or proceeding sought to be prohibited is in fact an unwarranted interference with a judgment rendered by it. This principle was recognized by this court in St. L. & S. F. R. Co. v. Hardy, District Judge, 45 Okla. 423, 146 Pac. 38, where the district court was required by mandamus to enter a judgment in accordance with the mandate of the Supreme Court. In the case at bar, however, it must not be lost sight of that the district court entered the judgment sought to be vacated in strict compliance with the mandate of the Supreme Court, and that thereafter a new action was commenced pursuant to a statute to set aside this judgment for fraud practiced by the successful party in obtaining the same. In these circumstances, we find no justification in any of the authorities cited for an application of the rule invoked by plaintiff for the purpose of prohibiting the district court from exercising jurisdiction in this class of actions. Nor do we feel called upon to examine the petition filed in that action for the purpose of determining whether the same states facts sufficient to constitute a cause of action in advance of action by the district court. This is a matter for the district court in the first instance, and if it was determined in that tribunal that the petition did not state facts sufficient to constitute a cause of action, under our liberal statute for amending pleadings, the trial court would probably grant leave to amend. Moreover, in one of the cases cited by counsel for plaintiff, City of Charleston et al. v. Littlepage. Judge, et al., supra, the justice of the rule which requires an applicant for a writ of prohibition to first make application to the lower court for a vacation or modification of the proceeding complained of is recognized; the court holding that this rule ought to prevail unless it appears that the inferior court has acted deliberately, or has considered the question of its jurisdiction and intends to proceed. In the case at bar no application for relief of any kind was presented to the trial court for its consideration, but immediately upon the petition being filed counsel resorted to this court for a writ of prohibition.

For the reasons stated, the writ should be denied. It is so ordered.

All the Justices concur.