Note.—See under (1) 30 Cyc. pp. 454, 542, 700. (2) 30 Cyc. p. 542. (3) 30 Cyc. p. 542.

---

## GREAT AMERICAN INS. CO. v. ALLEN et al.

No. 15336—Opinion Filed Sept. 22, 1925.

Rehearing Denied Feb. 2, 1926.

1. Appeal and Error — Change of Theory Upon Appeal not Allowable.

A party cannot stand by and permit his case to be submitted upon one theory without objection, then, if judgment of the court is against him, try it upon a different theory in this court.

2. Insurance — Fire Policy—Cancellation—Waiver of Return of Unearned Premium.

The rule that a return of the unearned premium on a fire insurance policy is essen-

tial to cancellation by the company, being for the benefit of the insured. is not applicable where the assured waives the right to receive the same.

(Syllabus by Estes, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Carter County; Asa E. Walden, Judge.

Action by G. C. Allen et al. against the Great American Insurance Company of New York. Judgment for plaintiffs, and defendant appeals. Affirmed.

· Albert L. McRill, for plaintiff in error.

. Potterf & Gray, for defendants in error.

· Opinion by ESTES, C. Parties will be referred to as they appeared in the trial court, inverse to their order here. Plaintiffs had judgment against defendant on a fire insurance policy covering a building, stock of merchandise, furniture and fixtures, belonging to the plaintiffs, the Allens, totally destroyed by fire, from which defendant appeals. At the conclusion of the evidence, defendant demurred thereto.

The first alleged error is that plaintiffs failed to show proof of loss as required by the policy. The Allens, by notice, did cause the agent of defendant to view the loss in three days thereafter, defendant refusing to pay same. Counsel for plaintiffs requested counsel for defendant to state the grounds of such demurrer and in what particular the evidence was insufficient, and the court advised counsel for defendant that its demurrer would go only to the grounds stated. Counsel for defendant urged other grounds and at no time specified that the evidence showed no proof of loss had been made or notice given to defendant. The rule that a party cannot stand by and permit his case to be submitted upon one theory without objection, then if the judgment of the trial court is against him, try it upon a different theory in this court, is so well settled as not to require a citation.

It is next urged that plaintiffs did not make out a case because plaintiffs, the Allens, had assigned all their rights under said policy to their coplaintiff York. The record is undisputed that the Allens did assign their rights in the policy to the plaintiff York for the benefit of their creditors; that if the policy were paid, there would be a residue coming to them. The Allens were at least proper parties. This assignment is wholly without merit, and in fact is not seriously argued and presented in the brief.

2. It is also urged that the Allens had other insurance on the property and, under the policy sued upon, the loss should be prorated. The record is clear that the Allens had had another policy; that they sought to cancel the same and received a check for the unearned premium thereon in order to procure defendant's policy; that said check was that of the agent of such other company and was unpaid for want of funds; that the Allens had not received the amount thereof at the time of the trial; that it was the intention of both such other company and the Allens that such policy should be canceled and it was so treated by the parties thereto. The rule that the return of the unearned premium is essential to cancellation by the company has no application. Such rule is for the benefit of the assured and may be waived. It was clearly waived by the Allens. Liverpool & London & Globe Ins. Co., Ltd., v. Tharel et al., 68 Okla. 307, 174 Pac. 773.

This appeal is wholly without merit. Let the judgment be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 3 C. J. p. 718, §618; 2 R. C. L. p. 81; 1 R. C. L. Supp. 387; 4 R. C. L. Supp. p. 79; 5 R. C. L. Supp. p. 68. (2) 26 C. J. p. 144, §169; anno. 13 L. R. A. (N. S.) 884, L. R. A. 1916F, 444; 14 R. C. L. p. 1012; 3 R. C. L. Supp. p. 329.