**REEDER, Adm'x, et al. v. MITCHELL, Adm'r, et al.**

**MITCHELL, Adm'r, et al. v. REEDER, Adm'x, et al.**

No. 18307.    Opinion Filed Nov. 1, 1927.

Rehearing Denied June 19, 1928.

(Syllabus.)

1. **Trusts—Purchase by Trustee of Trust Property at Foreclosure Sale Invalidated and Contract of Purchase Rescinded—Accounting — Trustee Credited for Betterments Against Rents and Profits.**

Under the facts in the accounting branch of this case, Young O. Mitchell should be allowed credit against rents and profits for betterments to the extent the same enhanced the reasonable market value of the property at the time the plaintiffs obtained possession thereof, and he should be charged with the rents and profits actually received by him, including the increased rental due directly to the betterments.

2. **Same—Trustee Credited with Purchase Price at Foreclosure Sale with Interest.**

In an accounting Young O. Mitchell should be allowed credit for the purchase price of the property at the foreclosure sale together with interest thereon at the rate of six per cent. per annum from the date of the sale.

3. **Same—Trustee Allowed Interest on Expenditures for Betterments, etc., and Charged with Interest on Rents and Profits.**

The defendants should be allowed interest on betterments, repairs, and operating expenses, and the plaintiffs should be allowed interest on rents and profits.

4. **Same—Allowance for Managing Property.**

When the contract of June 1, 1912, was rescinded and an accounting had thereunder, the defendants should be allowed a reasonable compensation for their services in managing and operating the property.

Appeal and Cross-Appeal from District Court, Tulsa County; R. D. Hudson, Judge.

Action by Jessica V. Reeder, administratrix, and another, against Young O. Mitchell, administrator, and others, for an accounting and other relief. From the judgment below, both parties appeal. Affirmed in part, and reversed in part, with directions.

Woodson E. Norvell, for Jessica V. Reeder et al.

Davidson & Williams and N. E. McNeill, for Young O. Mitchell et al.

HEFNER, J.  This case has been here before on a different branch and is reported in the 104 Okla. 48, 231 Pac. 268. In that case C. L. Reeder and Jessica V. Reeder were the plaintiffs, and Young O. Mitchell, as administrator of the estate of John O. Mitchell, and John O. Mitchell et al. were defendants, and the contract of June 1, 1912, was rescinded and certain land was adjudged to belong to the plaintiffs, subject, however, to a lien for whatever sum of money fairly and justly might be found to be due any of the defendants in the accounting branch of the suit. The case was remanded, with directions to the trial court to proceed with the accounting between the parties. The accounting was had, and from the judgment therein both parties have ap-

pealed and the case is here again. The parties will be referred to herein as they appeared in the trial court.

The plaintiffs have made 40 and the defendants 60 assignments of error. We cannot discuss each one separately, but we have considered all of them.

In 1912 the plaintiffs owned certain property in Tulsa and they entered into a contract with John O. Mitchell and agreed to convey one-half of the property to him on certain conditions. A copy of the contract appears in the former opinion. In compliance with the contract the plaintiffs executed a deed conveying an undivided one-half interest in the land to John O. Mitchell, who took possession of all of the property as was provided in the contract. Later, a mortgage was foreclosed on the land and Young O. Mitchell, a son of John O. Mitchell, purchased the land at the sheriff's sale. The deed was confirmed and Young O. Mitchell went into possession of the property under a writ of assistance. Soon after he was put in possession the plaintiffs brought suit to recover an undivided one-half interest in the property, declaring he held the one-half interest in trust for them. Later, an amended petition was filed by the plaintiffs wherein they again contended only for an undivided one-half interest in the property. Later, a second amended petition was filed wherein they declared Young O. Mitchell held all of the property in trust for them and they were the owners of the entire interest.

Before the second amended petition was filed, Young O. Mitchell made valuable improvements on the property and spent thousands of dollars in doing so. In fact, the office building was converted into a hotel. It is contended by the plaintiffs that said improvements were not made in good faith and for this reason the defendants cannot be allowed for the same in an accounting.

The accounting was had by a referee. The trial court adopted the findings of fact and conclusions of law of the referee with certain modifications.

The plaintiffs contend that the question of Young O. Mitchell's good faith in improving the property was adjudicated in the trial court's decree holding him a constructive trustee of the property for the use and benefit of the plaintiffs and by the Supreme Court in its opinion affirming that decree, and that he is estopped to assert the fact that he put the betterments upon the property in good faith.

The plaintiffs came into a court of equity invoking the equitable powers of the court to rescind a contract and to establish a constructive trust and to enforce an accounting by the constructive trustee, Young O. Mitchell, and also to enforce an accounting by John O. Mitchell as an express trustee under a contract of June 1, 1912, referred to above. They could not maintain ejectment or any other action at law to recover possession of this property. The court had placed Young O. Mitchell in possession of the property by means of a writ of assistance over the objections and protests of the plaintiffs. Young O. Mitchell believed that he owned the entire property. He had a right to so believe, because the court had put him in possession thereof. The property was in a rundown condition and needed many repairs.

The plaintiffs in their original petition and at the time the betterments were made, did not seek to cancel the contract of June 1, 1912, but sought an enforcement of it and an accounting thereunder, and to declare Young O. Mitchell a trustee for the use and benefit of the plaintiffs to an extent of an undivided one-half interest in the property. This was an admission on the part of the plaintiffs that the defendants owned an undivided one-half interest in the property. It was not until the second amended petition was filed that the plaintiffs claimed a rescission of the contract of June 1, 1912, and that Young O. Mitchell held all of the property as constructive trustee for the use and benefit of the plaintiffs.

The betterments were made before the second amended petition was filed and at a time when the plaintiffs were seeking to enforce the contract of June 1, 1912, and an accounting thereunder. At the time the betterments were made the pleadings recognized Young O. Mitchell as a joint owner of the property or a tenant in common.

Under these facts, the former decision in this case does not foreclose the question of good faith of Young O. Mitchell in making the improvements, and since it was found that he acted in good faith in making such improvements, it follows that he should be allowed credit against rents and profits for his betterments to the extent the same enhanced the reasonable market value of the property at the time the plaintiffs obtained possession thereof; and that he be charged with the rents and profits actually received by him, including the increased rental due directly to the betterments, or with the reasonable rental value of the property, including the increased rentals due directly from

betterments, if through his negligence the rents and profits actually received by him are less than the reasonable rental value.

When Young O. Mitchell purchased the property at sheriff's sale it was sold in a foreclosure proceeding in what is known as the Barnes-Hospital case. He should be allowed credit in the accounting for the purchase price of the property, together with interest at the rate of six per cent. per annum thereon from the date of the purchase.

The defendant Young O. Mitchell contends that he should be allowed interest on the betterments, repairs, and operating expenses. If this interest be allowed, then the plaintiffs should be allowed interest on rents and profits collected by him.

In the case of Sloane v. Lucas, 79 Pac. 949, the Supreme Court of Washington allowed credit for the enhancement in the market value of the property due to the improvements, and charged the occupant with the increased rental value due to the betterments, but allowed the occupant interest on the increase in value due to the betterments, from the date of the expenditures. The court in passing upon this question used this language:

"Having in view the circumstances above detailed, the court found the rental value of the property from the time possession was first taken to the time the improvements were completed, and also found an increased rental value after the completion of the improvements. Respondents were then charged, and the appellants were credited, with the amount of such increased rental value. Inasmuch as appellants were given the benefit of the increased rental by reason of the improvements, it would seem that equity would require that they should pay interest upon the actual value advanced by another, and which had made it possible for the property to yield the increased rental for appellants' benefit. Such was the rule followed in Thomas v. Evans (N. Y.) 12 N. E. 571, 59 Am. Rep. 519. We think the rule equitable and just under the circumstances of this case, and the action of the trial court in this particular is approved."

It follows that the defendant Young O. Mitchell should be allowed interest on betterments, repairs, and operating expenses and the plaintiffs should be allowed interest on rents and profits collected by him.

The defendants again contend that the estate of John O. Mitchell should be allowed interest on the amount due it from the date the excess expenditures were made. The trial court refused to make this allowance on the theory that the Supreme Court on the former appeal had found that John O. Mitchell was guilty of fraud in the management of the property, and on this account refused any interest on the amount found due the estate of John O. Mitchell. This is an equitable proceeding, and we think this interest should be allowed. When a contract is rescinded and an accounting had, the equities should be adjudicated between the parties.

It is again contended that the estate of John O. Mitchell is entitled to a reasonable compensation for his services in managing the property during the time he had possession of it.

Under the contract of June 1, 1912, it was provided, among other things, that he should not receive any compensation for his personal services in carrying out the objects of the contract. When the plaintiffs brought an action to rescind this contract and the court canceled the contract, it took away from John O. Mitchell all the consideration for his labor and services in managing and operating the property. Section 5079, C. O. S. 1921, among other things, provides that a party rescinding a contract must restore to the other party everything of value which he has received from him under the contract; or else offer to restore the same, upon the condition that such party shall do likewise, unless the latter is unable or positively refuses to do so.

The plaintiffs in this case had received the personal services of John O. Mitchell in managing and operating the property from June 1, 1912, to November 7, 1918. He personally supervised the final completion of the building, the repairing of it so as to make it tenantable; he looked after renting the store rooms and offices, and secured the best tenants possible; he looked after collecting the rents, etc. When the plaintiffs rescinded the contract the consideration for the services of John O. Mitchell was taken away from him, and in an accounting his estate should be allowed a reasonable compensation for his services performed in managing the property.

The judgment of the trial court is in all things affirmed except as is herein modified and, as to these modifications, the case is reversed, with directions to take such further proceedings as the court may deem just and reasonable and not inconsistent with the views herein expressed.

BRANSON, C. J., MASON, V. C. J., and HARRISON, LESTER, HUNT, and CLARK, JJ., concur.

Note.—See under (1) 39 Cyc. pp. 641, 642. (2) 39 Cyc. p. 642. (3) 39 Cyc. p. 642. (4) 39 Cyc. p. 497.