## PHILADELPHIA FIRE & MARINE INS. CO. v. BOARD OF ED. OF INDEPENDENT SCHOOL DIST. NO. 11.

No. 18958. Opinion Filed May 22, 1928.

(Syllabus.)

1. **Insurance—Return of Unearned Premium as Condition to Cancellation of Policy by Insurer—Waiver by Insured.**

The rule that a return of the unearned premium on fire and tornado insurance policies is essential to cancellation by the company, being for the benefit of the assured, is not applicable where the assured waives the right to receive the same.

2. **Same—Right of Action of School District for Unearned Premium—Debt Satisfied by Acceptance of Credit on Premiums for Other Policies.**

Where a school district secures insurance from a company through its agent and pays the premium thereon to the insurance agent and the agent embezzles the premiums paid, and the insurance company, for the purpose of cancellation, secures the policies from the clerk of the school district without repaying the amount of the unearned premium as a condition precedent to cancellation, and the school district board ratifies its clerk's acts, the policies are canceled. The school district is then entitled to recover the amount of unearned premium from the insurance company. But when the school district agrees to and accepts credit upon insurance premiums of policies substituted by the agent as agent for other insurance companies for the amount of unearned premium due from the former insurance company and the agreement is fully executed, there is a novation as to the former obligation and the former debt is extinguished.

Error from District Court, Osage County; Jesse J. Worten, Judge.

Action by Independent School District No. 11, Osage County, against the Philadelphia

Fire & Marine Insurance Company for unearned premium upon canceled policies of insurance. Judgment for plaintiff, and defendant appeals. Reversed.

Rittenhouse, Lee, Webster & Rittenhouse, for plaintiff in error.

Hamilton, Gross & Howard, for defendant in error.

RILEY, J. We trust that herein is presented a novelty in municipal corporation finance. The action below was begun by the school district for recovery from the insurance company of an unearned premium upon four insurance policies issued to the plaintiff school district.

O. P. Dilley was the local authorized agent of the Philadephia Fire & Marine Insurance Company, defendant. Likewise he was agent for the American Central, Hartford, as well as the Home Insurance Companies. On April 1, 1925, Dilley issued and delivered to Hamilton, clerk of the school district, four policies of three-year term insurance, consisting of three fire and one tornado policies, for the benefit of the school district. Dilley collected $1,809.50 as premiums upon the policies from the school district and embezzled the same, failing wholly to account therefor to his principal, the defendant insurance company. On August 7, 1925, the defendant company canceled the insurance for failure to receive the premiums paid by the assured to the agent Dilley. Dilley told Hamilton, clerk of the district, that the company was canceling the insurance, and Hamilton knew the cause of cancellation, yet, notwithstanding such knowledge of such corruption on the part of the insurance agent, the clerk of the district, who had been authorized by the school board to secure this particular insurance, said he wanted Dilley to have the business and obligingly surrendered to Dilley the policies for cancellation by the defendant company without demanding or mentioning refund of premium for the benefit of the municipal corporation which honored him with public office and the consequent public trust. Refund of premium should have been demanded. Section 6704, C. O. S. 1921.

Dilley advised Hamilton, the clerk, that he would secure other insurance as a substitute, and such an arrangement was satisfactory with Hamilton. Dilley did secure other policies for the same amounts and terms in the American Central, Hartford and Home Insurance Companies, and delivered these substituted policies to Hamilton, as clerk of the plaintiff school district.

However, two weeks after substitution the Home Insurance Company canceled their policies, presumably for nonpayment of premiums, whereupon the school district secured and paid for other insurance.

When Dilley substituted the American Central, Hartford, and Home policies, he filed a claim with the plaintiff school board and received additional payment for premiums in the amount of $226.67. This claim filed, set out items in the claim as follows:

| Date 1925 | | Item | Gross Pre. Amt. Claimed. |
|---|---|---|---|
| F-5026 | American Central | $20,000 | |
| F-852 | Hartford Ins. Policies | $20,000 | $1,111.00 |
| F-123 | Home | $20,000 | 506.00 |
| T-93 | Home | $45,000 | 197.10 |
| | | | $1,814.10 |

Also thereon were enumerated credits for unearned premiums on the canceled policies as follows:

Philadelphia Policies Canceled

| | Effective Date | Time in Force | Ret. Pre. |
|---|---|---|---|
| T-101 | 4-1 25 | 128 days | $ 170.93 |
| F-1007 | 4-1-25 | 128 days | 533.39 |
| F-1008 | 4-1-25 | 128 days | 558.56 |
| F 1-12 | 4-1-25 | 128 days | 324.50 |
| | | | $1587.43 |

Due Webb City Insurance Agency—Earned Premiums _____$ 226.67

This claim was dated September 4, 1925. A warrant paying this claim was dated and registered September 8, 1925. Strange as it may seem, the substituted Home Insurance policies were canceled on September 4, 1925, on the very date of the filing of this claim for additional premium and four days prior to the consideration, allowance, issuance, and registration of the warrant in payment of the additional amount for premium by the plaintiff school board.

The judgment below was for the plaintiff school board, from which the insurance company appeals.

There is no need to consider whether the acts of Hamilton, the clerk, in surrendering the policies for cancellation entrusted to him for safekeeping were ultra vires, for everything that Hamilton did was approved by the school board.

In Liverpool, London & Globe Insurance Co. v. Tharel, 68 Okla. 307, 174 Pac. 773, this court held:

"The statutory clause in a fire insurance policy providing that the policy may be canceled by the company by giving five days' notice of cancellation, but that the unearned portion of the premium shall be returned upon surrender of the policy, is for the benefit of the assured, and may be waived by him."

The rule announced in the Tharel Case,

supra, was reaffirmed in Great American Insurance Co. v. Allen, 116 Okla. 56, 243 Pac. 194, wherein this court said:

"The rule that a return of the unearned premium on a fire insurance policy is essential to cancellation by the company, being for the benefit of the insured, is not applicable where the assured waives the right to receive the same."

So, then, we are bound to hold the policies issued by defendant company through its agent were canceled, for the assured voluntarily and unconditionally surrendered the policies on demand, knowing the purpose of the return was for cancellation. The clause in the policies and the statute's provisions as to five days' notice and as to tender of unearned premium as conditions precedent to cancellation were waived by the assured.

Upon cancellation of the insurance. the school district became the creditor of the insurance company. There was due the school district the amount of the unearned premium. The agent received payment of the premiums from the school district and the agent's principal, the insurance company, was bound by such payment to its agent.

By waiving five days' notice and repayment of unearned premium as a condition precedent to cancellation, the school district did not waive its right of recovery from the insurance company. However, it may have extinguished its right of recovery as against the defendant insurance company by accepting another and different debtor or debtors in lieu of the former company. Certainly it was the intention and desire of Hamilton. the clerk, to permit Dilley, the agent, to retain the unearned premium and with it to substitute other insurance. The school board's act in considering, allowing, and paying the claim of Dilley for additional premium, which claim contained a full disclosure of retention of unearned premium and application of such sum upon substituted insurance, was a ratification of this novation. For and in consideration of the substituted insurance, Dilley, agent of other principals and insurance companies, was given credit for the full amount of the unearned premium on the canceled policies. That transaction was satisfactory to the school board and in satisfaction of the former claim against the defendant below, the insurance company. Valid and valuable policies of insurance and credit on the premiums thereof in the sum of $1.587.43. at least as to the policies not canceled and the amount thereof, were taken by the school district and received by the substituted insurance companies through their agent, Dilley. There was satisfaction of the claim against the former principal, the plaintiff in error. The fact that the school district subsequently waived its rights to return of unearned premium on the substituted insurance, as a condition precedent to cancellation of the substituted insurance, cannot affect the accord and satisfaction and novation in the first instance. As to whether the school district can recover by suit against the substituted insurance company for cancellation is not before us.

The agreement in substitution of new debtors for the old was fully executed, and the same was in full satisfaction of the original claim against plaintiff in error. The original debt was extinguished. Hillock v. Traders Ins. Co. (Mich.) 20 N. W. 571; Miller v. Fireman's Ins. Co., etc. (W. Va.) 46 S. E. 181.

The plaintiff school district cites the case of Chamberlin v. Fuller, 59 Vt. 247, 9 Atl. 832, wherein it is said:

"No rogue should enjoy his ill-gotten plunder for the simple reason that his victim is by chance a fool."

We think the citation apropos. Yet appellant insurance company was neither a knave nor a fool. It was a business organization possessed of privileges and liabilities. It exercised its privilege of cancellation under its contract of insurance because of the knavery of its agent. The school district by its act sacrificed its rights of liability as against the plaintiff in error and in detriment to its own interest and in favor of the self-confessed defaulting agent.

The judgment is reversed.

BRANSON, C. J., and MASON, HUNT. and HEFNER, JJ., concur.

PHELPS, J., concurs in conclusion. CLARK, J., dissents.

Note.—See under (1) 26 C. J. p. 144, § 169; anno. 13 L. R. A. (N. S.) 889; L. R. A. 1916F, 444; 14 R. C. L. p. 1012; 3 R. C. L. Supp. p. 329    (2) 29 Cyc. p. 1139.