### KERR v. SMITH.

No. 18928. Opinion Filed Feb. 19, 1929.

A. E. Darnell, for plaintiff in error.

Meacham & Meacham, for defendant in error.

HERR, C. This is an action originally brought in the district court of Custer county by Grant Kerr against N. W. Smith to recover damage because of an alleged breach of a written contract for the sale of land.

Under the terms of the contract, plain-

tiff was to pay defendant the sum of $9,500 for the land. $500 in cash was paid by plaintiff on the purchase price thereof at the time the contract was executed, and the balance was to be paid August 1, 1920 The contract was executed on June 24, 1920, and provided that the defendant should retain one-half of the oil, gas and other minerals for a period of 20 years.

It appears that defendant tendered plaintiff a deed in due time. reserving, however, an undivided one-half interest in and to the oil and gas for a period of 20 years, with the right to enter upon the land and to use so much of the surface as would be reasonably necessary to extract such oil and gas. Plaintiff refused to accept the deed, assigning as a reason therefor that the reservation contained in the deed was broader than that contained in the contract. Defendant refused to modify this reservation. Plaintiff, thereupon, brought this action claiming a breach of the contract on the part of the defendant. The damages claimed were $500, the amount advanced on the purchase price, $650 difference between the contract price and the value of the land, and certain amounts for improvements placed thereon, the total damage claimed being $2,623.

Judgment was rendered in favor of the plaintiff, for the sum of $1,150. This judgment was, on appeal, reversed by this court. Smith v. Kerr, 100 Okla. 162, 228 Pac. 951, wherein this court held that there was no material variance between the reservation contained in the contract and that in the deed: that the contract was breached by plaintiff and not by defendant; that the deed tendered by defendant was a full compliance with the terms of the contract; and further held that the court erred in overruling defendant's demurrer to the evidence. and reversed the judgment, with directions to the trial court to enter its order sustaining defendant's demurrer, and for further proceedings in conformity with the views expressed in that opinion.

After reversal of the judgment and upon receipt of the mandate in the lower court, plaintiff asked and was granted leave by the trial court to amend his petition. In this amended petition, plaintiff admitted a breach of the contract on his part, alleged the payment of $500 on the purchase price of the premises, and further alleged that defendant suffered no damage by reason of the breach, and prayed that he recover back the $500 so paid by him.

Subsequently, and on motion of defendant, this amended petition was, by the court, stricken, and judgment rendered in favor of defendant. Plaintiff appeals.

It is contended by plaintiff that under the terms of the mandate he was entitled to a new trial, and that upon such trial had a right to file amended pleadings. In support of this contention, he cites Ball v. Rankin, 23 Okla. 801, 101 Pac. 1105, and numerous other cases, wherein the following rule is announced:

"Where a cause is reversed and remanded by the Supreme Court with directions to the trial court to 'take such other and further proceedings in the matter as shall accord with said Supreme Court opinion,' it stands in the court below the same as if no trial had been had. Pleadings could be amended, supplementary pleadings filed, and new issues formed under proper restrictions."

Assuming that plaintiff's construction of the mandate is correct, still, under the law, he has no cause of complaint. The trial court granted him permission to amend, but when it was shown upon the face of the amended petition that plaintiff was seeking to relitigate the very matters adjudicated against him by the decision of this court, the trial court properly struck the same.

It is established by a long line of decisions by this court that a question decided by it on appeal is binding and conclusive upon the trial court on retrial, and except as to exceptional cases, upon this court upon second appeal. This rule is so well established that we deem citations of authority in support thereof unnecessary.

Plaintiff in the former suit sought to recover back the money advanced on the purchase price of the premises as well as other damages This court held that plaintiff, having breached the contract, was not entitled to recover. This holding is clearly correct. Jackson v. Peddycoart, 98 Okla. 198, 224 Pac. 689; Bishoff v. Myers, 101 Okla. 36, 223 Pac. 165; Hurley v. Anicker, 51 Okla 97. 151 Pac. 593. Plaintiff was not entitled to relitigate this question. There was no error in striking the amended petition.

Judgment should be affirmed.

BENNETT. HALL, JEFFREY, AND DIFFENDAFFER, Commissioners, concur.

By the Court: It is ordered.

Note.—See "Appeal and Error," 4 C. J. §3282, p. 1228, n. 81.