### REEDER et al. v. MITCHELL et al.

No. 20066. Opinion Filed Jan. 21, 1930.

Rehearing Denied May 6, 1930.

Woodson E. Norvell and George M. Nicholson, for plaintiffs in error.

Davidson & Williams and N. E. McNeill, for defendants in error Young O. Mitchell et al.

W. W. Hastings, Benjamin Martin, and Villard Martin, for defendant in error Commercial National Bank of Muskogee.

HERR, C. This is an appeal from the judgment of the district court of Tulsa county in an accounting proceeding between Jessica V. Reeder, administratrix, and others, against Young O. Mitchell, administrator, and others. The judgment was in favor of defendants. Plaintiffs appeal.

This is the third appeal. See cases of Mitchell, Adm'r, et al. v. Reeder, Adm'x, et al., 104 Okla. 48, 231 Pac. 268; and Reeder, Adm'x, et al. v. Mitchell, Adm'r, et al., 131 Okla. 126, 268 Pac. 283. The facts are fully stated in these opinions, and we deem it unnecessary to here restate the same.

In the latter appeal, the case came here on an appeal from an accounting feature of the case in which personal judgments were rendered against plaintiffs and liens established against certain land belonging to them. The judgment was by this court affirmed in part and reversed in part.

At the time the accounting was had in the trial court, the Commercial National Bank of Muskogee had a suit pending in the same court to enforce certain liens claimed by it against the property in controversy. The case between the Reeders and the Mitchells was heard before a referee; the bank's claim was placed in evidence before the referee, who made detailed findings thereon. After the filing of the referee's report, but before judgment was rendered thereon, an order was made by consent of all the parties consolidating these cases. There was also a stipulation filed in the Reeder v. Mitchell Case on an application for the appointment of a receiver whereby the indebtedness of Reeder to the bank was agreed upon and admitted by all the parties to this controversy. In the judgment rendered in the case, there was included a judgment in favor of the bank and decreeing the bank to have a first lien on the premises for the amount thereof.

Upon the remand of the case on second appeal, plaintiffs filed a motion to vacate the judgment in so far as personal judgment was rendered against them, and also moved to vacate the judgment as to the bank. It is their contention that a personal judgment against them was wholly unauthorized under the pleadings and evidence. It is further contended that the court was without

authority or jurisdiction to render judgment in this proceeding against them and in favor of the bank. These same contentions were made and argued on the prior appeal, and the judgment, in these respects, was by. this court affirmed. This holding is binding and conclusive upon us on this appeal.

It is also contended by plaintiffs that the court erred in allowing defendant Young O. Mitchell credit on the account for betterments. This same contention was made on the prior appeal. Reeder, Adm'x, et al. v. Mitchell, Adm'r, et al., supra. It is there said:

"Under the facts in the accounting branch of this case, Young O. Mitchell should be allowed credit against rents and profits for betterments to the extent the same enhanced the reasonable market value of the property at the time the plaintiffs obtained possession thereof, and he should be charged with the rents and profits actually received by him, including the increased rental due directly to the betterments."

This holding is binding and conclusive on us on this appeal. Moreover, we are of the opinion that, under the facts disclosed by the record, the holding is correct.

After the cause was remanded, plaintiffs asked permission to file amended pleadings and sought to introduce additional evidence. These requests were denied by the trial court and counsel assign these rulings as errors. In the opinion on the former appeal, this court held that the trial court erred in refusing to allow defendant Young O. Mitchell credit for betterments, and also held that the trial court erred in not allowing John O. Mitchell compensation for the time he was in possession of and managing the property; and also held defendant Young O. Mitchell chargeable with the rents and profits actually received by him, including the increased rental due directly to the betterments, or with the reasonable rental value of the property, including the increased rentals due directly from betterments, if, through his negligence, the rents and profits actually received by him were less than the reasonable rental value. The court also modified the judgment in certain respects relative to the allowance of interest, and, in all other respects, affirmed the judgment and remanded the cause for further proceeding not inconsistent with the views expressed in the opinion.

It is the contention of plaintiffs that under the mandate they were entitled to file the proffered amended pleading and to introduce additional evidence. We do not agree with this contention. The amended pleading offered presented no new issues, but was a mere reiteration, in amplified form, of that which was already pleaded. The court did not err in this regard.

The evidence, in part, offered and excluded by the court, was offered for the purpose of establishing negligence in renting the property, and that the rent received because of such negligence was less than the reasonable rental value thereof. This matter was fully gone into on the hearing before the referee. The referee specifically found that due diligence was used in renting and collecting the rents. The same is true as to other points on which evidence was offered. Plaintiffs were not entitled to relitigate these matters. Kerr v. Smith, 135 Okla. 181, 274 Pac. 866; Randol v. Harbour-Longmire Co., 127 Okla. 7, 259 Pac. 548; In re Gray's Estate, 131 Okla. 189, 268 Pac. 194; Bell v. Tackett, 134 Okla. 164, 272 Pac. 461.

Judgment should be affirmed.

BENNETT, REID, HALL, and DIFFENDAFFER, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (1) anno. 34 L. R. A. 346; 2 R. C. L. p. 224; R. C. L. Perm. Supp. p. 392. See "Appeal and Error," 4 C. J. §3075, p. 1093, n. 77; §3274, p. 1224, n. 7.