## BOARD OF ED. OF INDEPENDENT SCHOOL DIST. NO. 11, OSAGE CO., v. PHILADELPHIA FIRE & MARINE INS. CO.

No. 20007.   Opinion Filed March 22, 1932.

Hamilton, Gross & Howard, for plaintiff in error.

Rittenhouse, Lee, Webster & Rittenhouse, for defendant in error.

HEFNER, J.   On the 8th day of January, 1927, the board of education of independent school district No. 11, Osage county, Okla., brought an action in the district court of that county against the Philadelphia Fire & Marine Insurance Company to recover an unearned premium on an insurance policy issued to it by defendant and which was subsequently canceled by the insurance company.   The plaintiff prevailed in the trial. The judgment, however, was reversed by this court on appeal.   Philadelphia Fire & Mar. Ins. Co. v. Board of Ed., 131 Okla. 39, 267 P. 639.

It was the contention of defendant that plaintiff had waived return of the unearned premium because its clerk agreed to the cancellation of the policy and agreed that the unearned premium might be used to apply on the premium of a substitute policy. This court, on appeal, sustained the contention of defendant and held that there was no liability against it and reversed the judgment.   Upon receipt of the mandate in the lower court, on motion of defendant, judgment was rendered thereon in its favor.

Plaintiff appeals and asserts that it was entitled to a new trial under the mandate, and that the court, therefore, erred in rendering judgment on the mandate in favor of defendant.   We do not agree with this contention.   The entire matter was heard and disposed of by this court on the prior appeal.   It is there definitely held that, under the facts and law, plaintiff was not entitled to recover.   There was no issue remaining to be tried in the lower court.   Judgment was, therefore, properly rendered in favor of defendant on the mandate.

In the case of St. L. & S. F. Ry. v. Hardy, District Judge, 45 Okla. 423, 146 P. 38, the following rule was announced:

"Where the findings and conclusions of the Supreme Court on appeal cover the entire case made by the pleadings and evidence in the trial below, and nothing is left open for further examination in the trial court, and the case is simply reversed without directions, it is the duty of the trial court to enter judgment in accord with the opinion. * * *"

See, also, the following authorities: C., R. I. & P. Ry. v. Austin, 63 Okla. 169, 163 Pac. 517; First Nat. Bank of Grandfield v. Hinkle, 65 Okla. 62, 162 P. 1092; State ex rel. Davis v. Barnett, 68 Okla. 123, 171 P. 1109; Turk v. Page, 68 Okla. 275, 174 P. 1081; M., K. & T. Ry. v. Taylor, 69 Okla. 79, 170 P. 1148; Pacific Mutual Life Ins. Co. v Coley, 80 Okla. 1, 193 P. 735.

Plaintiff does not claim that the entire issue involved was not determined on the former appeal, but contends that the court in that opinion arrived at the wrong conclusion and that the case should be reversed; that it is entitled, because of such erroneous opinion, to relitigate the identical matters and issues involved in the former appeal.   This court has held otherwise in the following cases:   Reeder v. Mitchell, 143 Okla. 127, 287 P. 385; Kerr v. Smith, 135 Okla. 181, 274 P. 866; Randol v. Harbour-Longmire Co., 127 Okla. 7, 259 P. 548; In re Gray's Estate, 131 Okla. 189, 268 P. 194; Bell v. Tackett, 134 Okla, 164, 272 P. 461.

The judgment is affirmed.

LESTER, C. J., CLARK, V. C. J., and RILEY, CULLISON, SWINDALL ANDREWS, and McNEILL, JJ., concur. KORNEGAY, J., dissents.