## WILSON, Adm'r, v. AMERICAN SURETY CO. OF N. Y.

No. 27753. Nov. 15, 1938.

Rehearing Denied Jan. 17, 1939.

Rittenhouse, Webster & Rittenhouse, John Barry, and Felix C. Duvall, for plaintiff in error.

Tomerlin, Chandler, Shelton & Fowler and John W. Swinford, for defendant in error.

GIBSON, J. This is an appeal from an order of the district court of Kay county sustaining a general demurrer to the amended petition of plaintiff in error.

This is the second appeal in this cause. See American Surety Co. of N. Y. v. R. O. Wilson, Adm'r (April, 1935) 172 Okla. 107, 44 P.2d 35.

The facts are fully stated in the previous opinion. In that case defendant surety company's demurrer to plaintiff's petition was overruled, and judgment was rendered against the defendant on plaintiff's motion for judgment on the pleadings. The previous appeal was by the defendant surety company from that judgment, which was by this court reversed and remanded. (172 Okla. 107, 44 P.2d 35.)

This action was originally commenced by Wilson, as administrator of the estate of Alfred Heinemann, deceased, in the district court of Kay county, seeking recovery from defendant surety company, sole defendant, surety on the administrator's bond of S. Heinemann, as predecessor administrator of the same estate, for the full amount of the bond, based upon certain insurance policies on the life of the deceased, the proceeds of which were also claimed by S. Heinemann, as guardian of Bernice Heinemann, a minor.

In our decision in the prior appeal in this case we held that the trial court should have sustained the defendant's demurrer to plaintiff's petition, as not stating a cause of action, because (1) "the title to the funds in question has not been determined"; and (2) "the petition of plaintiff clearly shows the action to be based upon an order of the county court which could not, and did not, purport to fix a present charge against the administrator (S. Heinemann)."

Plaintiff Wilson, administrator, after the determination of that appeal, filed his amended petition against said surety company, which included allegations not contained in the original petition, in substance, that S. Heinemann was appointed guardian of Bernice Heinemann in the state of Arkansas, said Bernice being the sole heir of the deceased. That S. (or Sol) Heinemann, as administrator of the estate of Alfred Heinemann, deceased, filed in the county court of Kay county his final report which did not account for the proceeds of certain life insurance policies, but accounted for other sums, which were paid to the plaintiff, the succeeding administrator, and that thereafter the county court of Kay county entered its order approving said account in so far as it accounted for the property therein set forth. That the county court thereafter entered its order authorizing the plaintiff to institute the instant action. That subsequent to the hearings had in the county court, S. Heinemann departed from the state of Oklahoma and that he has

never been within the state of Oklahoma nor subject to the county court or district court, but that he had fraudulently absconded and concealed himself and had wholly failed to make any accounting of the life insurance proceeds, and that he had unlawfully appropriated the same to his own use. That the plaintiff is entitled to an accounting from the said 'S. Heinemann and his surety, the defendant American Surety Company, and that upon such accounting there would be found sums due to the estate of Alfred Heinemann, deceased. Prayer was for an accounting and for judgment against the sole defendant surety company for the amount of its bond.

The record now before us reflects no additional pleadings or proceedings had relating to the subject matters here involved since the prior appeal other than the amended petition, demurrer thereto, and the district court's action thereon.

In the previous decision herein the rule as stated in Pennington v. Newman, 36 Okla. 594, 129 P. 693, was held applicable, which rule is to the effect that neither the administrator nor the surety on his bond may be sued for a breach of his administrator's bond until there has been a settlement of final account in probate court and a decree entered therein showing a balance due and a failure of the administrator to comply with the decree. We further declared in the previous opinion that the facts did not bring the case within any of the exceptions to the rule of the Pennington Case, supra; that he (Heinemann, administrator) did not abscond and did not refuse to file an account and did not refuse to pay claims where there was no dispute as to their validity.

Of the excepting matters above set out, plaintiff's amended petition includes the allegation that S. Heinemann had absconded, and that he had failed and refused to make any accounting of the (insurance) sums aforesaid.

The sole proposition for determination here is whether the amended petition states a cause of action as against a general demurrer.

Assuming, without deciding, that the allegations of the amended petition as to 'S. Heinemann's abscondence and his failure to make an accounting would relieve the plaintiff in error from the effect of the rule stated in Pennington v. Newman, supra, still the amended petition fails to reflect any allegation remedying the first defect, that of a determination of title to the insurance funds, and the amended petition is in that respect insufficient and defective.

S. Heinemann was both administrator and guardian. He claimed the funds as guardian. Such claim adverse to the administration estate, we held in the previous decision, amounted to such a claim adverse to the administration estate as though Heinemann (administrator) were a stranger to the administration estate, this court there saying:

"In the present case the administrator claims the fund belongs to him as guardian of Bernice Heinemann. This, we hold, amounts to a claim adverse to the estate the same as though the administrator (Heinemann) were a stranger to the (administration) estate. In the case at bar the title to the funds in question has not been determined. Liability has not been fixed upon the administrator. Until the title is determined by a court of competent jurisdiction, it cannot be urged that a liability exists against the administrator and his bondsman. According to the record, the county court was proceeding toward the establishing of the claim. That had not been accomplished when the present action was commenced. And until such is accomplished, no liability can attach to the administrator so as to charge his bondsman with any amount in controversy, and we so hold."

Questions determined on appeal become the law of the case as to subsequent proceedings. Chickasha Cotton Oil Co. v. Lamb, 58 Okla. 22, 158 P. 579; Corbin v. Bucy, 133 Okla. 193, 271 P. 948; Reeder v. Mitchell, 143 Okla. 127, 287 P. 385; Amerada Petroleum Corporation v. Elliff, 171 Okla. 38, 41 P.2d 850.

Plaintiff in error contends in his original brief that from an examination of the entire amended petition it would be seen that this is an action to determine title to the proceeds of the policies of insurance, but admits in his reply brief that in the case of question of title to property claimed adversely title would have to be tried with such adverse claimant. As above pointed out, we previously determined that Heinemann as guardian was here such adverse claimant. The amended petition here is directed against the surety on Heinemann's administrator bond only. It does not reflect an action to determine title to the insurance proceeds.

We are not unaware that the action of one of the insurance companies in making

payment to the guardian of Bernice Heinemann of at least a portion of the insurance proceeds here involved was approved by this court in the case of New York Life Insurance Co. v. Wilson (1937) 181 Okla. 363, 73 P.2d 1133, in which case plaintiff in error in the instant case was plaintiff and was there seeking recovery from the insurance company of insurance proceeds then previously paid to the guardian.

The amended petition does not remedy the first defect of the original petition, pointed out in our previous decision, that of showing title to the funds to have been first determined to be in the administrator (plaintiff in error), and therefore fails to state a cause of action against the defendant surety company. The trial court ruled correctly in sustaining defendant's demurrer to the amended petition.

The order of the district court sustaining the demurrer to the amended petition is affirmed.

OSBORN, C. J., and CORN, HURST, and DAVISON, JJ., concur.