**UNITED INS. CO. v. McELWEE.**

No. 35093.

Supreme Court of Oklahoma.

Jan. 27, 1953.

Rehearing Denied Feb. 24, 1953.
Application for Leave to File Second Petition for Rehearing Denied
July 7, 1953.

John R. Miller and Birney D. Herrin, Sapulpa, for plaintiff in error.

George D. Wilhite, Sapulpa, Pierce, Rucker, Mock, Tabor & Duncan, Tulsa, for defendant in error.

PER CURIAM.

John B. McElwee commenced this action against the United Insurance Company in the District Court of Creek County on August 21, 1950. The complaint is in two causes of action on two separate insurance policies.

The first cause of action is brought under defendant's Hospital Combination Industrial Policy issued on March 1, 1948.

There plaintiff sued for $500 alleging loss of the sight of both eyes.

The second cause of action is brought under defendant's Life Insurance Policy issued on October 15, 1949. There plaintiff sued for an order holding that by reason of plaintiff having become totally disabled by illness while premiums were paid up, he was entitled under the terms of the policy to have all premiums waived so long as the disability continued.

The case was tried to a jury, which on November 21, 1950, returned a verdict for the plaintiff on both causes of action. This appeal followed. The parties will be referred to as they appear in the trial court.

The plaintiff was a former construction worker. He became an agent for the defendant sometime in July, 1949, selling insurance for them. In March, 1948, he had purchased the policy referred to in this first cause of action. Before being appointed agent in July, 1949, he was required to take out the second policy, and after passing a physical examination, the policy was issued, and he was put to work.

Plaintiff testified that prior to this examination he had never worn glasses; that sometime in 1949 he began to wear glasses while driving a car in extreme light or sunlight; that in January, 1950, while snow was on the ground and while driving his car along the highway, "everything went white"; that he pulled off the highway, stopped his car, and after fifteen or twenty minutes his vision returned. Plaintiff then testified to a series of incidents including visits to several physicians, ending with a visit to Dr. Harry R. Haas in May of 1950, who told him that he was blind.

Except for the testimony of Dr. Haas, neither party offered any medical or scientific testimony. Dr. Haas testified that the plaintiff was totally blind when he diagnosed his condition as optical atrophy; that some of the causes of optical atrophy were skull fractures, brain tumors, syphilis, and exhausting diseases; that he did not know the cause of the plaintiff's condition and had made no attempt to ascertain the cause; that neither a blow on the head that would addle a man a little while or getting cement in an eye would cause it (the plaintiff had

testified to these two experiences occurring prior to taking out the policies); that the plaintiff is permanently blind; and that an optical atrophy usually comes on gradually and is difficult to diagnose in its early stages.

Defendant presents fourteen assignments of error. However, in its brief defendant states that its sole objection to the verdict is that there was no evidence to sustain either award. We will dispose of the case on that assignment.

As to the first cause of action, the plaintiff in the trial court contended that he was entitled to recover on the Hospital Combination Industrial Policy under Part Five, which provides for the payment of $500 for the loss of the sight of both eyes under certain conditions. However, in this court for the first time he contends that he is entitled to recover in any event under either Section A or Section B of Part Three, which provides, under certain conditions, for weekly benefits for house confinement and non-house confinement due to sickness.

■ Ordinarily a party cannot prosecute or defend an action in reviewing court on a theory different from that presented to the court below; Producers Investment Co. v. Colvert, 187 Okl. 59, 100 P.2d 1005; Great American Ins. Co. v. Allen, 116 Okl. 56, 243 P. 194; Ward v. Continental Ins. Corp., 165 Okl. 20, 24 P.2d 654; Mid-Continent Petroleum Corp. v. Jamison Adm'r, 197 Okl. 387, 171 P.2d 976.

Therefore, it is clear that if plaintiff may recover on his first cause of action, it must be under Part Five of the policy.

■ While the general rule is that the question of whether or not a disability comes within the provisions of a policy is one for the jury, there must be some evidence to justify submission of the question. Southern Surety Co. v. Jones, 10 Cir., 57 F.2d 851.

■ Recently in Spivey v. Atteberry, 205 Okl. 493, 238 P.2d 814 we affirmed our previous holdings on the point involved by declaring that it is the settled rule in this state that where injuries are of such character as to require skilled and professional persons to determine the cause and extent

thereof, the question is one of science and must necessarily be determined by testimony of skilled professional persons.

■ The only evidence of a skilled professional person in this record is that of Dr. Haas. His evidence does not establish that the plaintiff has brought himself within the insuring condition of the policy, which is that plaintiff's loss of sight or time must have resulted solely from bodily injuries sustained during the term of the policy effected through accidental means.

We therefore, hold that plaintiff cannot recover on his first cause of action.

■ As to the second cause of action, the applicable provisions of the policy are:

"The company will waive the payment of all premiums on this policy falling due during the continuance of total and permanent disability as herein defined, beginning with the premium, the due date of which succeeds the date of commencement of such disability, provided, however, that no premium shall be waived, the due date of which is more than six months prior to the date of receipt in the home office of the company of written notice of claim hereunder. Any premium so waived shall not be a lien on the policy and the non-forfeiture values, if any, set out in the tables therein, shall apply in the same manner as if the premiums waived had been paid in cash.

"In addition to giving written notice of claim of disability as required above, satisfactory proof shall be submitted that the insured has become permanently disabled by bodily injury or disease originating after the date hereof, as heretofore defined * * *"

Defendant contends that the proof offered by plaintiff, if it establishes anything, establishes only that plaintiff's blindness was caused by one of two injuries, each of which occurred prior to the effective date of the policy and that therefore there is no coverage.

We do not agree. The testimony of the plaintiff is that he first noticed an eye defect after the policy was delivered sometime in 1949. The testimony of Dr. Haas is that optical atrophy may result from several causes, that it comes gradually, and at first is difficult to diagnose. The testimony further shows that plaintiff was examined by a company physician prior to the issuance of the policy, that he passed the examination, and was then put to work for the company.

Thus there is competent evidence that plaintiff's disability, which is conceded to be permanent, originated after the policy was issued and while the premiums were paid up.

In American Ins. Co. of Texas v. Brown, 203 Okl. 407, 222 P.2d 757, held that an insured must bring himself within conditions of the policy in order to recover, but is not required to fix the exact date of inception of disabling disease suffered by himself with absolute certainty. That case is determinative of the question here. It is true that some contention is made that the plaintiff failed to give a proper notice of his disabling injury so as to entitle him to waiver of premiums, but as we understand defendant's position, he raises no question of the sufficiency of notice and rests his defense solely on the claim that there was no evidence to show that the condition of blindness originated after the policy came into effect.

■ We have held many times that where there is any evidence to support the verdict of the jury, it will not be disturbed on appeal. We believe that the verdict of the jury and the judgment of the trial court as to the second cause of action are correct. It is affirmed.

The cause is remanded for further proceedings in accordance with this opinion.

This court acknowledges the services of attorneys Henry L. Fist, Varley H. Taylor and A. Langley Coffey, who as special masters aided in the preparation of this opinion. These attorneys were recommended by the Oklahoma Bar Association, approved by the Judicial Council, and appointed by the Court.