MORRISON v. BROWN, *Judge, et al.*

No. 1444.   Opinion Filed May 10, 1910.

(109 Pac. 237.)

PROHIBITION—Grounds—Existence of Other Remedies.  Prohibition,
being an extraordinary writ, cannot be resorted to when the
ordinary and usual remedies provided by law are available.

(Syllabus by the Court.)

Application by R. T. Morrison for a writ of prohibition against
T. L. Brown, judge of the district court, and another.   Writ
denied.

*H. Tom Kight,* for petitioner.
*Fred S. Caldwell,* for respondents.

KANE, J. This is an original application for a writ of prohibition
to prohibit T. L. Brown, as judge of the district court of the Second
judicial district, and Hiram Stephens, as sheriff of Rogers county,
from further proceeding in a certain cause pending in said court
wherein the state of Oklahoma *ex rel.* Wm. M. Hall, as county attor-
ney of Rogers county, is plaintiff, and J. P. Van Brook, one Wells,
and S. S. Sangor are defendants. The petition states, in substance,
that on the 21st day of February, 1910, said judge issued a re-
straining order, directed to the sheriff of Rogers county, restraining
and enjoining the plaintiff herein and his servants, agents, and
employees, from permitting to be kept in or about a certain build-
ing located in the city of Chelsea, county of Rogers, state of
Oklahoma, and from selling, bartering, or giving away, and from
keeping for sale, barter, or delivery, in any manner, in and about
said premises, any beer, ale, wines, spirituous, vinous, fermented,
and other intoxicating liquors, and from permitting such liquors
to be sold, bartered, or given away, and kept for sale. barter, or
gift, and, in addition thereto, said order commanded the sheriff
of Rogers county to lock up the said building as a public nuisance,
and see that the order was carried out until the further order of

the court; that the plaintiff did show that said building was used for the purpose of carrying on a legitimate drug business, and that plaintiff has invested in said business considerable money and that carrying on the drug business is legal; and constitutes no nuisance *per se,* and the enjoining of the opening of the building works considerable and irreparable injury to the plaintiff herein, and it is irreparable for the reason that the proceedings were instituted in the name of the state of Oklahoma and on the authority of the county attorney of Rogers county, Okla., without an injunction bond, and the state of Oklahoma is a party to said action and all matters in which the public is concerned. Wherefore the plaintiff prayed that a writ of prohibition be issued out of this court commanding the defendants to desist and refrain from further proceeding in keeping said place of business closed under said order. From an examination of the restraining order issued by the court attached to the plaintiff's petition, it appears that it was issued without notice, and by its terms remains in effect until further order of the district court. There is no contention that the court below did not have jurisdiction to issue a restraining order in that class of cases.

The specific ground of complaint is that the court made its order too broad in requiring the building to be closed up. To sustain this proposition counsel cites *Weaver v. Kuchler et al.,* 17 Okla. 189, 87 Pac. 600, wherein it is held that:

"Where a slaughterhouse has been enjoined as a nuisance, and on the hearing of a motion to dissolve the evidence shows that it is not a nuisance *per se,* and that it can be carried on so as not to constitute a nuisance, the injunction will be modified so as to permit its usage in an unobjectionable manner."

But it must be remembered that this proceeding is not here on appeal, and that prohibition, being an extraordinary writ, cannot be resorted to when the ordinary and usual remedies provided by law are available. 16 Enc. of P. & P. 1130. For the purpose of this case, it may be conceded that the restraining order was improvidently and erroneously issued, and ought to be modified, and prohibition would not lie for the reason that section 5768, Comp.

Laws Okla. 1909, provides the defendant with an effective remedy, as follows:

"If the injunction be granted without notice, the defendant, at any time before the trial, may apply upon notice, to the court in which the action is brought, or any judge thereof, to vacate or modify the same. The application may be made upon the petition and affidavits upon which the injunction is granted, or upon affidavits on the part of the party enjoined, with or without answer. The order of the judge, allowing, dissolving or modifying an injunction, shall be returned to the office of the clerk of the court in which the action is brought, and recorded and obeyed, as if made by the court."

It will not be presumed that the court below will not upon proper application and showing give the plaintiff such relief as he may be entitled to. At least this court will not issue the extraordinary writ of prohibition until the plaintiff has exhausted this plain statutory remedy.

Writ denied.

All the Justices concur.