## PIONEER TELEPHONE & TELEGRAPH CO. v. CITY OF BARTLESVILLE.

No. 1758.    Opinion Filed September 13, 1910.

(111 Pac. 207.)

1. **APPEAL AND ERROR—Review—Grant of Temporary Injunction.** An order of the district court or a judge thereof at chambers allowing a temporary injunction may be reviewed in the Supreme Court before final judgment in the case.

2. **PROHIBITION—Existence of Remedy by Appeal.** Prohibition will not lie where an inferior court having jurisdiction of both the subject-matter and the parties, making an erroneous application of the law, grants an injunction, an appeal lying from said order to the Supreme Court, pending which, such order may be superseded.

(Syllabus by the Court.)

Application by the Pioneer Telephone & Telegraph Company for writ of prohibition against the City of Bartlesville. Writ denied.

*Harris & Wilson* and *J. R. Spielman,* for relator.
*Burdette Blue,* for respondent.

WILLIAMS. J.   On the 7th day of September, 1908, the city of Bartlesville, as plaintiff, filed its petition against the Pioneer Telephone & Telegraph Company, as defendant, in the district court of Washington county for an injunction against said Telephone & Telegraph Company to prevent it from increasing its rates for charges for service at Bartlesville over and above the rate specified in the alleged franchise ordinance passed by said city.   On the 4th day of September, 1908, said court granted a restraining order as prayed for.   By agreement said cause was continued from time to time, said restraining order being kept alive. On the 28th day of May, 1910, a demurrer having been sustained to said petition, the city of Bartlesville, through its attorney, filed its amended petition, and a demurrer was again sustained thereto. Thereupon, by permission of the court, said petition was further amended, alleging, in substance, that it had made application to the Corporation Commission for an order fixing telephone rates in said city.   Thereupon the court granted an injunction restraining the said Telephone & Telegraph Company from collecting certain rates put in force in said city by order of said company on the 1st day of September, 1908, until the final determination of the said application by the Corporation Commission.

It is the contention of the relator that the district court was without jurisdiction to grant the writ of injunction, and, for that reason, the writ of prohibition should run.   The lower court has jurisdiction both of the subject-matter and parties.   Although the court may have erred in granting the injunction, still the matter may be corrected by appeal.   Section 6067, Comp. Laws Okla. 1909 (section 4436, St. Okla. Ter. 1893), provides:

"The Supreme Court may reverse, vacate or modify a judgment of the district or county court, for  *  *  *  an order that * * * grants, refuses, vacates, or modifies an injunction. * * *"

This section was construed by the Supreme Court of Kansas before it was adopted by the Legislature of Oklahoma Territory. This construction is binding on this court.   *Farmers' State Bank*

*v. Stephenson et al.,* 23 Okla. 695, 102 Pac. 992. In *Andrews v. Love et al.,* 46 Kan. 264, 26 Pac. 746, it is held:

"An order of the district court, or a judge thereof at chambers, allowing a temporary injunction, may be reviewed in the Supreme Court before final judgment in the case."

Such an order may also be superseded by sufficient undertaking pending an appeal. *Palmer v. Harris,* 23 Okla. 500, 101 Pac. 852. It follows that the relator has, under all events, an adequate remedy by appeal.

In *Winfrey v. Benton et al.,* 25 Okla. 445, 106 Pac. 853, it was held:

" *   *  .  *   A writ of mandamus would not lie to compel the justice of the peace to reverse his erroneous ruling in denying such application for change of venue, for the reason that defendants had a plain and adequate remedy by appeal or error."

In *State ex rel. Haskell, Governor, v. Huston, Judge, et al.,* 21 Okla. 782, 97 Pac. 982, it was held:

"Prohibition is the proper remedy, where an inferior court assumes to exercise judicial power not granted by law, or is attempting to make an excessive and unauthorized application of judicial force in a cause otherwise properly cognizable by it."

But in that case there was no adequate remedy by appeal, as relief by that means could not be afforded until final judgment was rendered in the case. In *Evans v. Willis, County Judge,* 22 Okla. 310, 97 Pac. 1047, 19 L. R. A. (N. S.) 1050, it was held by this court:

"Upon an information purporting to have been presented by a private person, neither the prosecuting attorney for the county nor any other officer thereto authorized having exhibited same, the lower court having no jurisdiction to hear or determine such case on said information, and there being no other plain, speedy, and adequate remedy at law for the relator, his remedy is by writ of prohibition to restrain action thereon."

At page 321 of 22 Okla., at page 1051 of 97 Pac. (19 L. R. A. [N. S.] 1050), this court said:

"Such extraordinary writ will not be awarded when the ordinary and usual remedies provided by law, such as appeal, writ of

error, certiorari, or other modes of review or injunction, are available.  *   *   *   There is no general rule by which the adequacy or inadequacy of a remedy can be ascertained, but the question is one to be determined upon the facts of each particular case.   The writ will not be issued on account of the inconvenience, expense, or delay of other remedies, but will be granted where the remedy available is insufficient to prevent immediate injury or hardship to the party complaining, particularly in criminal cases.  *   *   * . It appears that in criminal cases neither appeal, *habeas corpus,* nor certiorari will be a plain, speedy, or adequate remedy."

In *Morris v. Brown, Judge, et al.,* 26 Okla. 201, 109 Pac. 237, this court held:

"Prohibition, being an extraordinary writ, cannot be resorted to when ordinary and usual remedies provided by law are available."

The writ of prohibition is denied.

All the Justices concur.