STATE *ex rel.* MOSE *et al.* v. DISTRICT COURT OF MARSHALL COUNTY.

No. 7167.    Opinion Filed May 25, 1915.

(149 Pac. 240.)

1.    PROHIBITION—Right to Remedy—Existence of Ordinary Remedy. Prohibition, being an extraordinary remedy, cannot be resorted to when ordinary and usual remedies provided by law are available.

2.    PROHIBITION—Ground for Remedy. The writ will not be awarded on account of inconvenience, expense, or delay, nor for the reason that the applicants may not be able to secure a supersedeas bond.

3.    APPEAL AND ERROR—Right of Appeal—Supersedeas Bond.

The right of appeal does not depend upon the giving of a supersedeas bond, as the only object and effect of such bond is to stay execution, and if the decree of partition should be without authority, and not within the jurisdiction of the court, it would be void.

4. PROHIBITION—Right to Remedy—Remedy by Appeal—Partition. This is an original application for a writ of prohibition, directed against the district court. of Marshall county and the presiding judge of that district, seeking to prevent said court and judge from entering a decree partitioning certain real estate, known as restricted Indian allotment lands, belonging to full-blood Mississippi Choctaw Indians, by inheritance, as heirs of their mother, who was also a full-blood Mississippi Choctaw Indian. The court had jurisdiction of the parties and the subject-matter. Held that, the applicants for said writ having an adequate remedy by appeal from the decree of partition, the writ should be denied.

(Syllabus by Robberts, C.)

Original application for writ of prohibition by the State, on the relation of John Mose and others, against the District Court of Marshall County and Jesse M. Hatchett, Judge of the Sixth Judicial District and of the said District Court. Writ denied.

*J. B. Moore,* for relators.

*Kennamer & Coakley* and *H. A. Ledbetter,* for respondents.

ROBBERTS, C. This is an original action in this court, in which the plaintiff seeks to prohibit the district court of Marshall county, and the presiding judge of said district, from entering an order partitioning certain real estate belonging to full-blood Mississippi Choctaw Indians by inheritance from Lulu Mose, deceased, which said real estate was a part of her allotment, and conceded by all parties herein to be what is known as restricted Indian land.

The original application for writ of prohibition was filed in this court on the 23d day of February, 1915, at which time the usual alternative writ was issued, and duly served on defendants.

State ex rel. Mose et al. v. District Court of Marshall County.

Since then an amended petition has been filed, which is in substance as follows:

"All of the petitioners, as shown by the final rolls of the Five Civilized Tribes, are full-blood Mississippi Choctaw Indians. They are the heirs of Lulu Mose, deceased, who was also a full-blood Mississippi Choctaw Indian, and who died some time during the year 1904, in that portion of the state now embraced in Marshall county; that she left two other minor heirs, the same being grandchildren, who, by their guardian, sold their interest in the allotment of Lulu Mose to W. C. Campbell; and that the said W. C. Campbell now claims by virtue of said conveyance, an undivided one-sixth (1/6) interest in that portion of the allotment of Lulu Mose, described as follows: Lots 1 and 2, E. ½ of the N. W. ¼, N. W. ¼ of the N. E. ¼ of the S. W. ¼ of section 7, township 1 south, range 5 east, Marshall county, state of Oklahoma. The said purchaser, W. C. Campbell, instituted and filed in the district court of Marshall county, state of Oklahoma, his petition, in which he makes the petitioners in this case defendants, and setting up in said petition the facts as hereinbefore alleged, and seeks thereby to have the district court of Marshall county determine the interests of all parties in said litigation, and, after determining their interest, to appoint three commissioners to make the partition of said lands, to apportion the cost, attorney fees, and other expenses which may occur in said action among the various parties; that the petitioners herein filed their motion to dismiss said cause in the district court, on the grounds that the court had no jurisdiction, which motion was overruled, and thereupon the said petitioners herein, defendants in the court below, filed their general and special demurrer, and especially attacked the jurisdiction of the court, which was overruled. Petitioners aver that the district court of Marshall county has no jurisdiction to appoint commissioners and decree a partition of said real estate, for the reason that the same would be in effect a conveyance of the interest of these petitioners, which interest they have by virtue of being heirs of Lulu Mose, deceased, and they being full-blood Indians, and the same constituting a portion of her allotment, their interest could be conveyed only by the approval of the county court having jurisdiction of the settlement of the estate of the deceased allottee, Lulu Mose. Petitioners further aver that, they

and each of them being full-blood Mississippi Choctaw Indians, they have no personal property and no real estate excepts lands which are inalienable, and are not subject to be incumbered by any deed, debt, or obligation, and are free from execution, and by reason thereof they are. unable to make a supersedeas bond, or cause one to be executed, and, if the court should partition said real estate, their interest, being so small, and their title to same being clouded, it would be impossible for them to sell or convey the same. It would also deprive them of the use and occupancy of said premises and would cause a great and irreparable injury to said petitioners."

To this petition the respondents filed a general demurrer, and the case now stands upon that demurrer. We are confronted on the outset with the question as to whether the writ of prohibition prayed for herein is the proper remedy. Counsel for respondents do not touch upon that matter in their briefs, and therefore we take it that they rest their case entirely upon the question of the jurisdiction and power of the district court to proceed with the decree of partition. But as this is an extraordinary proceeding, and a power that should be cautiously assumed and used, we have taken the precaution and responsibility upon ourselves to investigate the subject, lest we exercise so mandatory a prerogative without complete justification. As stated in Cyc. vol. 32, 598:

"A writ of prohibition is a prerogative writ, to be used with great caution and forbearance, for the furtherance of justice, and for securing order and regularity in all the tribunals where there is no other regular and ordinary remedy."

The usual test of the right to the writ is whether the inferior court has jurisdiction of the subject-matter. As stated in Cyc. vol. 32, at page 613:

"Prohibition will not issue where there is another adequate remedy at law or in equity, readily available to the applicant, either by appeal, or writ of error, or by any other writ, motion, or proceeding appropriate to the relief."

We recognize the fact that the line between an adequate and inadequate remedy is often dim and uncertain, and depends frequently upon trend of mind of the court passing upon the question, and always very largely upon the facts and circumstances of the case in hand; but it seems that this court has at least to a great extent settled that matter, by giving a clear definition of the term "adequate remedy at law," so far as it applies to the right to obtain or issue a writ of prohibition.

In *Pioneer Tel. & Tel. Co. v. City of Bartlesville,* 27 Okla. 214, 111 Pac. 214, Justice Williams, speaking for the court, says:

"Such extraordinary writ will not be awarded when the ordinary and usual remedies provided by law, such as appeal, writ of error, certiorari, or other modes of review or injunction, are available. * * * There is no general rule by which the adequacy or inadequacy of a remedy can be ascertained, but the question is one to be determined upon the facts of each particular case. The writ will not be issued on account of the inconvenience expense, or delay of other remedies, but will be granted where the remedy available is insufficient to prevent immediate injury or hardship to the party complaining, particularly in criminal cases. * * * It appears that in criminal cases neither appeal, *habeas corpus,* nor certiorari will be a plain, speedy, or adequate remedy."

In *Morrison v. Brown, Judge et al.,* 26 Okla. 201, 109 Pac. 237, this court held:

"Prohibition, being an extraordinary writ, cannot be resorted to when the ordinary and usual remedies provided by law are available."

The language here used is plain and cannot be misunderstood. If the applicant for a writ of prohibition has a remedy by appeal, the writ will not issue. That is the settled rule and doctrine of this court. There is no question but what an appeal from a decree of partition lies from the district court to this court, nor

does the right to appeal depend upon the giving of a supersedeas bond. The object and effect of the bond is simply to stay execution—nothing more. Besides, if the decree of partition should be without authority and not within the jurisdiction of the court, it would simply be a nullity and void. The purchaser at the sheriff's sale, if it should go to that extent, would have notice of the appeal, and therefore could not be an innocent or protected purchaser. In a recent case, not yet officially published, Justice Hardy, speaking for the court upon the question of the issuance and use of the writ of prohibition, says:

"It is a well-settled rule in this state that where an inferior court has jurisdiction of the subject-matter and of the parties, and where an appeal will lie from the order or judgment of the court in said cause to the Supreme Court, pending which appeal such order may be superseded, a writ of prohibition will not lie, even though such court may make an erroneous application of the law to the facts therein." *Spradling v. Hudson, Judge* (No. 5590) 146 Pac. 588.

"The writ of prohibition, being an extraordinary writ, cannot be resorted to when the ordinary and usual remedies provided by law may be availed of by the party complaining." *Morrison v. Brown, Judge,* 26 Okla. 201, 109 Pac. 237; *Herndon v. Hammond, County Judge,* 28 Okla. 616, 115 Pac. 775; *Ex parte Oklahoma,* 220 U. S. 191, 31 Sup. Ct. 426, 55 L. Ed. 431; *State v. Huston,* 27 Okla. 606, 113 Pac. 190, 34 L. R. A. (N. S.) 380.

From the holdings of this court it is evident that the writ should be denied.

By the Court: It is so ordered.