## BILLINGS HOTEL CO. et al. v. CITY OF ENID et al.

No. 7815—Opinion Filed Jan. 27, 1920.

(Syllabus by the Court.)

**1. Prohibition—Right to Writ.**

Prohibition, being an extraordinary writ, cannot be resorted to when the ordinary and usual remedies provided by law are available.

**2. Appeal and Error—Decisions Appealable —Temporary Injunction.**

An order of the district court or a judge thereof in chambers allowing a temporary injunction may be reviewed in this court before final judgment in the case.

Original proceeding for writ of prohibition by the Billings Hotel Company and others against the City of Enid and others. Petition dismissed.

John F. Curran and Hillis & Manatt, for plaintiffs.

Harry O. Glasser, for defendants.

McNEILL, J. This was an original proceeding in this court by the Billings Hotel Company et al. against the city of Enid, on the relation of H. O. Glasser, city attorney, and Jas. B. Cullison, judge of the district court of Garfield county, to prohibit the defendants from proceeding in a certain case pending in the district court of Garfield county wherein the city of Enid, on the relation of H. O. Glasser, city attorney, is plaintiff, and the Billings Hotel Company et al. are defendants. The petition in the district court alleged the defendants were operating a "booze joint" in said Billings Hotel, and maintaining a nuisance and a place where liquor was bought and sold, and the city prayed for an injunction to enjoin the defendants from maintaining said nuisance.

A temporary injunction or restraining order was issued by the district judge on November 4, 1915. The hearing on the same was set at Cherokee on the 10th day of November, 1915. The defendants, on November 5th, filed a motion to dissolve temporary injunction or restraining order upon the sole ground that the city had no authority to prosecute said action, which motion was overruled, and they now bring this proceeding to prohibit the plaintiff and district judge from proceeding with said case, for the reason, first, the plaintiff has no right to maintain said action, but that said action can only be brought on the relation of the state by the county attorney; second, that the district court has no right to hear the same in Cherokee county.

The city contends, first, that the court has jurisdiction of the parties and subject-matter, and that the writ of prohibition should not issue for the reason the defendants have a plain and adequate remedy at law.

The district court of Garfield county has jurisdiction to issue injunctions and restraining orders in the class of cases referred to. The district court of Garfield county had jurisdiction of all of the parties in the case. The petitioners do not brief the question of whether prohibition is the proper remedy, except to cite case of State v. Houston, 21 Okla. 782, 97 Pac. 982, but brief the question of whether the city of Enid, by virtue of the statute and its city charter, is a proper person to maintain said suit.

The rule adopted by this court in the case of Morrison v. Brown, 26 Okla. 201, 109 Pac. 237, is as follows:

"Prohibition, being an extraordinary writ, cannot be resorted to when the ordinary and usual remedies provided by law are available."

The restraining order or temporary injunction in this case was issued without evidence as provided in section 4869, Rev. Laws 1910. Section 4878 Rev. Laws 1910, provides for a hearing when an injunction is granted without notice, and upon said hearing an appeal will lie from the order of the court to this court.

In the case of Pioneer Telephone & Telegraph Co. v. City of Bartlesville, 27 Okla. 214, 111 Pac. 207, the court said:

"An order of the district court or a judge thereof at chambers allowing a temporary injunction may be reviewed in the Supreme Court before final judgment in the case."

"Prohibition will not lie where an inferior court, having jurisdiction of both the subject-matter and the parties, making an erroneous application of the law, grants an injunction, an appeal lying from said order to the Supreme Court, pending which, such order may be superseded."

This court, in the case of State v. Houston, 21 Okla. 782, 97 Pac. 982, stated as follows:

"Prohibition is the proper remedy, where an inferior court assumes to exercise judicial power not granted by law, or is attempting to make an excessive and unauthorized application of judicial force in a cause otherwise properly cognizable by it."

This court, in the case of State ex rel. v. Brown, 24 Okla. 433, 103 Pac. 762, in referring to the quotation from the case of State v. Houston, supra, stated:

"We adhere to the rule there announced. But it is not a question in this case of the lower court exceeding its legitimate powers, but as to whether or not it commits error therein in passing upon the sufficiency of

what 'is made to appear' relative to such disqualification. That can only be reviewed by appeal."

This court, in case of Morrison v. Brown, supra, states as follows:

"There is no contention that the court below did not have jurisdiction to issue a restraining order in that class of cases. The specific ground of complaint is that the court made its order too broad in requiring the building to be closed up. To sustain this proposition counsel cites Weaver v. Kuchler et al., 17 Okla. 189, 87 Pac. 600, wherein it is held that: 'Where a slaughterhouse has been enjoined as a nuisance, and on the hearing of a motion to dissolve the evidence shows that it is not a nuisance per se, and that it can be carried on so as not to constitute a nuisance, the injunction will be modified so as to permit its usage in an unobjectionable manner.' But, it must be remembered that this proceeding is not here on appeal, and that prohibition, being an extraordinary writ, cannot be resorted to when the ordinary and usual remedies provided by law are available. 16 Enc. of P. & P. 1130. For the purpose of this case, it may be conceded that the restraining order was improvidently and erroneously issued, and ought to be modified, and prohibition would not lie for the reason that section 5768, Comp. Laws Okla. 1909, provides the defendant with an effective remedy."

Such was the holding of this court in the case of McThwaite Oil & Gas Co. v. Bolen, decided December 23, 1919, 77 Okla. —. It is unnecessary for us to decide whether the city of Enid is the proper party plaintiff as the said question can be determined on appeal.

We do not think the facts in this case bring the case within the rule announced in the case of State v. Houston, supra, as it does not appear that the district judge is attempting to make an excessive and unauthorized application of judicial force in a cause otherwise properly cognizable by it.

It is next contended that the court should be enjoined from hearing said cause at Cherokee on November 10, 1915. The order issued by the district court on November 5th, while it is denominated a temporary injunction, is in force and effect simply a temporary restraining order, and the hearing on the 10th day of November, 1915, was the day fixed in the restraining order for hearing upon a temporary injunction. There is no contention that the case was to be tried finally upon its merits upon said date. This question is now moot, as November 10, 1915, has long since passed, and it will not be presumed that the judge will attempt to try the case upon its merits at any place other than in the proper county.

For the reasons stated, the writ of prohibition is dismissed.

OWEN, C. J., and PITCHFORD, HIGGINS, and BAILY, JJ., concur.