## BOARD OF COM'RS OF CARTER COUNTY et al. v. WORTEN, Dist. Judge, et al.

No. 18151.　Opinion Filed Nov. 29, 1927.

(Syllabus.)

1. Prohibition—Writ Lies Only in Cases of Manifest Necessity.

A writ of prohibition will lie only in cases of manifest necessity. It will not be granted

where a greater injustice might be done by its issuance than would be prevented by its operation, or where a legal right is doubtful and the remedy would involve public inconvenience.

### 2. Mandamus—Writ Invokable Only Where Duty Sought to Be Enforced is Indisputable.

The writ of mandamus will not issue except where the duty sought to be enforced is clear and indisputable.

### 3. Same—Lack of Showing of Clear Legal Right to Writs.

[Record examined, and held: That the relators herein have not shown a clear legal right to either writ.

Original action for writ of prohibition and writ of mandamus by the Board of County Commissioners of Carter County against Jesse J. Worten, District Judge of Osage County, and others. Writs denied.

F. M. Dudley and Moore & West, for plaintiff.

Leander Hall, for defendants.

HARRISON, J. This is an original proceeding for a writ of prohibition to the district court of Osage county, and to Hon. J. J. Worten, judge of said court, to prohibit said court and said judge from enjoining the excise board of Osage county from levying a tax sufficient to pay the interest and create a sinking fund for the payment of principal of a certain sewer and water works bond issue issued by the city of Wynona; also for a writ of mandamus from this court to the city of Wynona, and to the mayor and aldermen of said city and to the excise board of Osage county, compelling said officers of said city of Wynona to make an estimate, and the said excise board of Osage county to make a levy sufficient to pay interest and create a sinking fund for said bond issue.

This court has taken original cognizance of the matter, partially because of the public importance of the questions presented, and necessarily for the reason that if plaintiffs be entitled to the relief which they seek, no other court than this has authority to grant such relief. In civil actions no other court except the Supreme Court has a superintending control over the district and superior courts of the state; one district court has no superintending control over another. See Harris v. Hudson, 122 Okla. 171, 250 Pac. 532. Hence, the rule requiring relators in an original proceeding to first apply to the district court before this

court will entertain jurisdiction, is not applicable in this case.

The material facts are that in January, 1921, the city of Wynona issued sewer bonds to the amount of $145,000 and water works bonds to the amount of $150,000, and during the year 1921 the relators here, or at least Carter county, purchased and became the owner of some of these bonds. The interest and sinking fund was levied for such bond issue, and payments made thereon as they fell due, up until February, 1926, when the city of Wynona defaulted in payment of the interest due. Later the city of Wynona brought suit in the district court of Osage county to enjoin the excise board of said county from making a levy for the interest and sinking fund for said bond issue, and this proceeding is to prohibit the district court from issuing its order of injunction, and to mandamus the proper officers to make the estimate and levy sufficient to meet same.

Relators contend that section 7, chap. 107, Sess. Laws 1915, prescribes the exclusive remedy for the adjustment of illegal taxes, viz.: By paying such taxes under protest and then suing for the recovery; citing Black v. Geissler, 58 Okla. 335, 159 Pac. 1124, and other cases from this court construing said statute; also citing State ex rel. Boatman, County Attorney, v. District Court of Okmulgee County, 122 Okla. 69, 250 Pac. 1023, and other cases, that prohibition is the proper remedy where a district court is exceeding its authority, or is exercising unauthorized judicial power.

If the bare question of enjoining the levy and collection of the tax were the only question involved in the case, we would feel bound by the authorities cited, but in this case there are numerous other legal questions involved, which might be wrongfully affected by a writ of prohibition and writ of mandamus in this case. The question of lack of power of the officers of the city of Wynona to call an election for the purpose of voting bonds, the question of lack of authority of the city officers to issue bonds after the election was held, and the question of the legality of the sale of the bonds, and the question as to whether such bonds are void ab initio, the question of the total lack of authority of the officers of the excise board of Osage county to make the levy, all these questions and other legal questions are presented by the city of Wynona in its suit for injunction, and all of which legal questions would be affected by the issuance of either or both the writ

of prohibition and writ of mandamus prayed for. And from the record presented here the court cannot say of a certainty that such legal questions would not be wrongfully affected and an injustice done by the issuance of the writs prayed for. The parties have an adequate remedy by a trial in the court below and by appeal to this court presenting all the questions of law and fact involved.

We do not know and have no accurate means of knowing or determining what merit there is in the contentions made by the city of Wynona in its suit to enjoin the levying of the tax for the interest and sinking fund for the bond issue in question.

We should not issue the writs prayed for unless we be clearly satisfied that there is no merit whatever in the contentions made in said suit, and to issue the writs prayed for would be virtually saying that there is no merit in any of the contentions made by the city of Wynona in its suit below, and would have the effect of deciding all the material issues of both law and fact involved in that case without having such issues properly before us in this case.

"A writ of prohibition will lie only in cases of manifest necessity, * * * It will not be granted where a greater injustice might be done by its issue than would be prevented by its operation, or where the legal right is doubtful and the remedy would involve public inconvenience." 32 Cyc. 603.

Also, 22 R. C .L. p. 5; Ex rel. Mayes v. Breckinridge, 43 Okla. 711, 142 Pac. 407; Morrison v. Brown, 26 Okla. 201, 109 Pac. 237; State v. Huston, 27 Okla. 606 113 Pac. 190; Billings Hotel Co. v. Enid, 77 Okla. 122, 186 Pac. 1085; MacThwaite Oil & Gas Co. v. Bolen, 77 Okla. 155, 187 Pac. 221.

Nor will mandamus issue except where the duty sought to be enforced is clear and undisputable. Shawnee v. Tecumseh 52 Okla. 509, 150 Pac. 890; State v. Board of Commissioners, Ellis Co., 65 Okla. 273, 166 Pac. 423; Close Bros. & Co. v. Oklahoma City, 77 Okla. 104, 186 Pac. 981; Champlin v. Carter, 78 Okla. 300, 190 Pac. 679.

Furthermore, the writ of prohibition is not used for the purpose of a proceeding in error, so as to review the action of the lower court, when the ordinary remedies provided by law for appeal are available. Morrison v. Brown, 26 Okla. 201 109 Pac. 237; Pioneer Tel. Co. v. Bartlesville, 27 Okla. 214, 111 Pac. 207; State v. Huston,

27 Okla. 606, 113 Pac. 190; Herndon v. Hammond, 28 Okla. 616, 115 Pac. 775.

For the reasons above given, in view of the foregoing authorities, both writs are denied.

MASON, PHELPS LESTER, HUNT, CLARK, and RILEY, JJ., concur.

BRANSON, C. J., and HEFNER, J., not participating.

Note.—See under (1) 32 Cyc. pp. 602, 603; 22 R. C. L. p. 5; 4 R. C. L. Supp. p. 1450; 6 R. C. L. Supp. p. 1309. (2) 38 C. J. pp. 600, 601, §75. (3) 38 C. J. p. 916, §673; 32 Cyc. p. 630.