JONES v. HAYS, Judge, et al.

No. 21130. Opinion Filed May 13, 1930.

Rehearing Denied Jan. 12, 1931.

A. L. Beckett, for plaintiff.

E. F. Maley, for defendants.

CULLISON, J. This is an original proceeding filed in this court on February 28, 1930, by the plaintiff herein, Nath Jones, doing business as Jones Motor Sales, asking this court to issue a writ of prohibition directed to the defendants herein, Hon. James M. Hays, judge of the district court of Okmulgee county, Second judicial district, Oklahoma, and W. C. McLeod, commanding said defendants to desist and refrain from the enforcement of a certain restraining order theretofore issued by said defendant Judge Hays; that judgment be rendered in this court declaring said order to be null and void, and for other equitable relief.

On March 4, 1930, this court issued an alternative writ of prohibition against the defendants herein ordering them to desist and refrain from further action in said cause until further orders of this court; that the possession of said car in question remain in defendant McLeod until final action and determination on said petition for writ of prohibition; and ordered the defendants to file response to said petition for writ of prohibition, and that briefs be filed in this court in support of the respective contentions of the parties to this proceeding. Which order has been complied with.

The facts in this case, as disclosed by the record, are substantially as follows:

One L. M. Breed, the owner of a certain

automobile, delivered the same into the hands of defendant McLeod, on or about November 27, 1929, for the purpose of having McLeod repair same.

Thereafter, and in January, 1930, one Edward Lines commenced an action in the district court of Okmulgee county, Okla., against L. M. Breed, owner of said car, and in that action sued out a writ of attachment on said car. The sheriff of Okmulgee county attempted to attach said car, but was unsuccessful due to the refusal of defendant McLeod to deliver the car to the sheriff, McLeod claiming that he had a prior possessory lien thereon.

Thereafter, February 21, 1930, Nath Jones, plaintiff herein, commenced an action in the district court of Okmulgee county, No. 16720, against Jim Stormont, sheriff of said county, for the possession of the car in question.

Summons and writ of replevin was issued by the court clerk of said court, in said cause No. 16720, directed to the county clerk of said county, and commanding him to take into his possession the above-mentioned car, and to deliver same to the agent of plaintiff. The county clerk, D. V. Armstrong, attempted to serve said process, but defendant McLeod refused to surrender custody of said car, claiming that he had a prior possessory lien on the car; that he was never served with process, and was not a party defendant in such action.

On February 25, 1930, defendant McLeod filed in said district court of Okmulgee county his verified petition of intervention in cause No. 16720, praying the court for equitable relief, and asking that the county clerk of said county be restrained and enjoined from interfering with defendant McLeod in his peaceable possession of the car.

Hon. James M. Hays, judge of the district court of Okmulgee county, one of the defendants herein, in accordance with the petition of intervention filed by defendant McLeod, and the prayer therein contained, issued a restraining order, enjoining and restraining said county clerk, D. V. Armstrong, from interfering with said McLeod in his possession of said car until March 1, 1930, and thereafter until further order of said court.

The plaintiff, Jones, now comes directly to this court and asks this court to issue a writ of prohibition, commanding the defendants to desist and refrain from the enforcement of said restraining order issued by said defendant judge.

The record establishes that the district court of said county had jurisdiction of both the subject-matter and the parties.

It is of importance to note, the record fails to disclose that the plaintiff has ever appeared before the district court of Okmulgee county and entered any complaint whatsoever to the foregoing restraining order, or asked said district court to vacate or modify the same.

Under this state of the record we are of the opinion the petition for writ of prohibition here under consideration should be denied.

This court has many times passed on questions similar to the one here presented for determination and held that, even assuming a restraining order is improvidently or erroneously issued, still this court will not issue the writ of prohibition in the absence of a showing that the complaining party has first appeared before the court issuing such restraining order and presented to that court reasons why said order should be vacated or modified.

In the case of Morrison v. Brown, 26 Okla. 201, 109 Pac. 237, the question was presented for determination whether this court should issue a writ of prohibition to prohibit Hon. T. L. Brown, as judge of the district court of the second judicial district, Oklahoma, and Hiram Stephens, as sheriff of Rogers county, from further proceeding in a certain cause pending in said district court. It appeared said judge had theretofore issued a restraining order, directed to said sheriff, restraining and enjoining the plaintiffs from doing certain acts. The plaintiffs came directly to this court, and their prayer was that this court issue the writ of prohibition commanding the defendants to desist and refrain from enforcing said restraining order. The record in that case failed to show that the plaintiffs therein had first appeared before the district court issuing said restraining order and sought to have said order vacated or modified. Mr. Justice Kane, in denying the writ of prohibition in that case, said:

"* * * It must be remembered that this proceeding is not here on appeal, and that prohibition, being an extraordinary writ, cannot be resorted to when the ordinary and usual remedies provided by law are available. 16 Enc. of Pl. and Pr. 1130. For the purpose of this case, it may be conceded that the restraining order was improvidently and erroneously issued, and ought to be modified, and prohibition would not lie for the reason that section 5768, Comp. Statutes 1909, provides the defendant with an effec-

tive remedy. * * * It will not be presumed that the court below will not upon proper application and showing give the plaintiff such relief as he may be entitled to. At least. this court will not issue the extraordinary writ of prohibition until the plaintiff has exhausted this plain statutory remedy."

Again, this court in the case Billings Hotel Co. et al. v. City of Enid, 77 Okla. 122, 186 Pac. 1085, quoted with approval the language of Mr. Justice Kane in Morrison v. Brown, supra, and held:

"Prohibition, being an extraordinary writ, cannot be resorted to when the ordinary and usual remedies provided by law are available."

For the reasons stated, the petition for writ of prohibition here under consideration is denied.

LESTER, V. C. J., and CLARK, RILEY, HEFNER, SWINDALL, and ANDREWS, JJ., concur. MASON, C. J., and HUNT, J., absent.