**JACKSON, Gdn., v. HANEY et al.**

No. 24574.     Sept 12, 1933.

Rehearing Denied Oct. 17, 1933.

Sigler & Jackson, for petitioner.

H. C. Wipperman, Jr., for respondents.

WELCH, J. This is an original action wherein petitioner seeks a writ of prohibition enjoining and prohibiting Hurban Haney and O. H. P. Brewer, county judge of Muskogee county, Okla., from interfering with petitioner and from asserting jurisdiction in the matter of the guardianship of Bernice Haney, a minor.

On February 20, 1933, one Robert J. Haney, a resident of Muskogee county, executed his will, whereby he bequeathed all of his estate to his adopted daughter, Bernice Haney, a minor nine years of age. In his will he appointed his brother, Hurban H. Haney, as sole guardian of the person and estate of said minor, and also named his said brother as sole executor of his will. On February 24, 1933, Robert J. Haney died while a resident of Muskogee county. On March 1, 1933, Hurban H. Haney filed his petition in the county court of Muskogee county, Okla., for the probate of said will. The petition was set for hearing for March 15, 1933, and legal notice of the hearing given. On March 11, 1933, Pat Whitfield filed in the county court of Carter county, Okla., a petition for the appointment of a guardian for the same Bernice Haney. The petition requested the court to appoint one Marie Jackson as guardian of the minor. Said petition was by the court set for hearing for March 14, 1933, notice of which was given. On March 13, 1933, Hurban Haney filed his protest objecting to the appointment of the person named in the petition, advising the county court of Carter county that Robert J. Haney had left a will appointing him, Hurban H. Haney, as guardian of the minor, and that the will had been filed for probate and was pending probate in Muskogee county, and requesting that the hearing in the Carter county court be continued to a future date, and that upon final hearing he be appointed guardian of said minor.

On March 15, 1933, the will of Robert J. Haney was admitted to probate in the county court of Muskogee, county, Okla., whereupon Hurban H. Haney filed his written consent to serve as executor and was appointed. He also filed therein his consent to act as guardian of the minor, and on the same date the last-named county court made its order approving and confirming the testamentary appointment and appointing Hurban Haney as the sole guardian of the person and estate of said minor, and fixing guardian's bond. On March 16, 1933, Hurban Haney filed his guardian's bond in the county court of Muskogee county, which was on the same date approved and letters of guardianship issued to said guardian by said court. On March 17, 1933, there was conducted in the county court of Carter county, Okla., a hearing upon the petition theretofore filed for the appointment of a guardian for said minor, at which hearing Hurban Haney withdrew his request to be appointed guardian in said court, but renewed his protest theretofore filed there-

in, and in addition thereto, and as a further protest, asserted the fact that he had theretofore been appointed as guardian of the person and estate of said minor by the county court of Muskogee county; that he had qualified therefor by subscribing to the oath of office and giving a bond which had been approved by the appointing court and letters of guardianship issued to him, and that the county court of Carter county was therefore without jurisdiction to appoint a guardian for said minor. The county court of Carter county overruled said protest, and at the conclusion of its hearing appointed petitioner herein as the guardian of said minor, holding in its finding of fact that the order of the county court of Muskogee county appointing Hurban H. Haney as such guardian was void for lack of jurisdiction. Petitioner executed the bond required by the county court of Carter county, after which the court issued letters of guardianship, and she now claims to be the legal guardian of said minor by virtue of said Carter county appointment.

The question presented in this action is whether or not the county court of Muskogee county, Okla., had jurisdiction to appoint Hurban Haney as the guardian of the person and estate of Bernice Haney, a minor, and whether or not petitioner is entitled to the writ of prohibition from this court as prayed.

Petitioner contends that the county court of the county in which the minor is an inhabitant or resident is the court having jurisdiction to appoint a guardian. With this contention we agree. Section 1419, O. S. 1931, provides:

"The county court of each county, when it appears necessary or convenient, may appoint guardians for the persons and estates, or either, or both of them, of minors who have no guardian legally appointed by will, or deed, and who are inhabitants or residents of the county, or who reside without the state and have estate within the county."

Respondents direct our attention to the language of the quoted section of the law to the effect that "The county court of each county * * * may appoint guardians * * * of minors who have no guardian legally appointed by will or deed, * * *" and point out that at the time the county court of Carter county entered its order appointing petitioner as guardian, there had in fact been a guardian appointed by will, and that this appointment had become effective by the order of the county court of Mus-

kogee county confirming the testamentary appointment, and that the person named as such by the will and by the order of the county court of Muskogee county had qualified by giving bond, and that letters of guardianship had issued to him out of the Muskogee county court. This is admitted by petitioner, and was known to the county court of Carter county, as clearly indicated by the findings and order of the latter court. Respondents therefore urge that the county court of Carter county was without jurisdiction to make such appointment. Petitioner answered this contention with the suggestion that the order of the county court of Muskogee county is void for want of jurisdiction, in that the minor was not an inhabitant and resident of Muskogee county when the Muskogee county court appointed respondent as guardian, and indeed the Carter county court so held.

The order of the county court of Muskogee county appointing respondent as guardian contained the following:

"* * * It appearing that the last will and testament of Robert J. Haney, deceased, late of Muskogee county, Okla., has been duly allowed and admitted to probate in this court; and it further appearing that said deceased left surviving him his duly and legally adopted daughter, Bernice E. Haney, of said county, now nine years of age, and it further appearing that said Hurban Haney is of lawful age and a proper and competent person to have the custody and guardianship of said minor and her estate"

—thus disclosing that the Muskogee county court found that the minor was a resident of Muskogee county.

Section 1419, supra, confers jurisdiction upon the county court of each county of this state to appoint a guardian for the persons and estates of minors who are inhabitants or residents of the county, or who reside without the state and have estate within the county. The jurisdiction of the county court is specifically restricted thereby to inhabitants or residents of the county when the minor is a resident of this state, and is further restricted to appointment where no guardian has been appointed by will or deed. Section 1499, O. S. 1931, provides as follows:

"A guardian of the person or estate, or of both, of a child born, or likely to be born, may be appointed by will or by deed, to take effect upon the death of the parent appointing: First. If the child be legitimate, by the father. * * *"

Section 1433, O. S. 1931, provides as follows:

"Testamentary guardian to qualify and give bond. Every testamentary guardian must give bond and qualify, and has the same powers and must perform the same duties with regard to the person and estate of his ward, as guardians appointed by the county court, except so far as their powers and duties are legally modified, enlarged, or changed by the will by which such guardian was appointed."

Such testamentary appointment of a guardian does not become operative until such guardian has qualified as provided in section 1433, supra. Murphy v. Superior Court of Santa Clara County (Cal.) 24 P. 310. The county courts of this state have general jurisdiction of the matter of the appointment of guardians, and the particular county court within the state having jurisdiction of the appointment of minors who are residents of this state in a particular case is fixed by section 1419, supra, as the county in which the minor is an inhabitant or resident, and we hold this to be the law of this state, whether or not it be the court having jurisdiction of the probate of the will naming the testamentary guardian. The quoted section, which fixes the jurisdiction of the county court in the county wherein the minor is an inhabitant or resident, is not susceptible of the construction sought herein by respondents to the effect that the court having jurisdiction of the probate of the will wherein a testamentary guardian is named is exclusively the court having jurisdiction to appoint the guardian of the minor named therein. In re Majilton, 164 N. Y. Supp. 745.

In the instant case the petitioner contends that the minor was an inhabitant and resident of Carter county at the time of the appointment of a guardian by the county court of Muskogee county, and at the time of the filing of petition in the county court of Carter county, and at the time of the appointment of guardian in Carter county. Respondent contends that the minor was an inhabitant and resident of Muskogee county upon these dates. The county court of Muskogee county specifically found that the minor was a resident of Muskogee county, which we consider herein a sufficient finding of judicial facts as concerns the county of which the minor was an inhabitant or resident.

The minor was the adopted daughter of Robert J. Haney. Prior to his death he made his will and appointed his brother the guardian for his daughter. This he had the right to do, and such right is recognized and given statutory sanction by the provisions of section 1499, supra. The child's mother was dead, and the father had the sole power to appoint. This right of a parent while living to select the guardian for his child is a right of value, and when it is properly exercised it must be respected, and no county court has the right to disregard this testamentary appointment in the absence of allegations or proof that the guardian appointed by the will is an unfit person to act as guardian, or for some special reason has become disqualified to act. We do not mean to say that the testamentary guardian must, in every instance, be confirmed by the county court, because cases might arise where between the date of the making of the will and the date of the qualification of the guardian a change would occur, and the testamentary guardian might change into and become a person wholly unfit to have the guardianship of a minor, or might for some special cause be wholly disqualified to act as guardian for the particular minor, and in such case his testamentary appointment should not be approved, but it seems clear that the right of a living father to designate the person to be guardian of his child is of such value, and is so firmly fixed as to require the confirmation of the testamentary guardian in all cases where his agreement to so act is timely made, unless it should affirmatively appear to the court that he has become and is an unfit person, or is for some special reason disqualified to act in such capacity.

It is true that such guardian appointed by will has no authority to act until he has qualified and given bond. Section 1433, O. S. 1931. The question arises as to what county court has authority and jurisdiction to approve and confirm the testamentary appointment, and to authorize the guardian so appointed to qualify and to issue letters of guardianship upon his making bond. It seems clear that our laws provide that, in the case of a minor residing in the state, this jurisdiction and authority is in the county court of the county of the residence of the minor without regard to the county where the testator died and in which the will was admitted to probate. The residence of the minor may be in the same county or in a different county, and in each instance that would be a question of fact.

In this case, beyond question, up to the date of the testator's death on February

24, 1933, both he and his minor daughter were residents of Muskogee county. There they maintained and the father owned a home. His will was admitted to probate in the county court of that county on March 15, 1933, after due notice to all interested persons, including Mrs. Ella Jackson, plaintiff in this case. That will referred specifically to the homestead and devised it to the minor daughter, and in that will the testator appointed his brother to be the executor of his will and to be the guardian of his minor daughter. Upon the will being admitted to probate, the brother, Hurban H. Haney, filed his consent to act as executor of the will and his consent to act as guardian of the minor child. Thereupon the county court of Muskogee county, finding that the minor daughter resided in Muskogee county and was a minor of the age of nine years, and that Hurban H. Haney was of lawful age and a proper and competent person, approved and confirmed his testamentary appointment as guardian, and directed that letters of guardianship issue upon his subscribing to the oath as required by law and giving bond in the sum then fixed; whereupon Hurban H. Haney took the oath of office, gave bond, received his letters of guardianship, and fully qualified to act as such guardian.

Some days thereafter the plaintiff in this case, Mrs. Ella Jackson, was appointed guardian of said minor in the county court of Carter county; that court, proceeding upon the theory that the minor was and had been, since about March 1st, a resident of Carter county, and that court apparently proceeded upon the further theory that there was no valid testamentary appointment of a guardian for the minor. The general authority of county courts of this state to appoint a guardian for a minor does not exist, except in cases where such minors "have no guardian legally appointed by will or deed," and in making this appointment the county court of Carter county acted in excess of its jurisdiction, because at that time this minor had a guardian "legally appointed by will." It is true that the petition for appointment of a guardian was filed in Carter county on March 11th, a day fixed for its hearing, and at that time the will of Robert J. Haney had not been admitted to probate, and the effort of the testator to appoint a guardian had not culminated and the testamentary appointment of Hurban H. Haney had not progressed into legal existence, but, on March 15th, when the will was admitted to probate and established as the

legal will of the deceased parent, then the testamentary appointment was completed, and it remained for the guardian by testamentary appointment to consent to act and to properly qualify, and this he did on the following day in the county court of Muskogee county. As above pointed out, it was a question of fact whether the minor was then a resident of Muskogee county, or of Carter county, or any other county. This minor, by operation of law, and by the terms of the will, owned a homestead in the city of Muskogee, where she had resided with her father for a number of years. It is not indicated whether there were other members of the household, or who, if any one, maintained a home between the death of the testator on February 24th and the confirmation of the testamentary guardian on March 15th, but be cannot say that there was no evidence which would permit the county court of Muskogee county to find that the minor then resided in that county. That county court had authority to hear and determine that question, and it determined that the minor resided there. It does not appear that that court was advised that petition was pending for the appointment of a guardian in Carter county, but that would be immaterial under the facts in this case, for the reason that if such information had been in the mind of the judge of the court, the presumption might well have been indulged that such petition had been filed under the authority of section 1419, O. S. 1931, as in the case of minors who have no guardian "legally appointed by will," and upon the further presumption that the petition in Carter county would be abandoned when it thereafter developed, as it did thereafter develop in this case, that this minor did have a guardian "legally appointed by will."

The plaintiff in this case, Mrs. Ella Jackson, relies upon the proceedings in Carter county. There are errors in those proceedings which should be here noted. The petition filed March 11th sought the appointment of Miss Marie Jackson as guardian. When the final order or appointment was made on March 17th, the court referred to the hearing as being upon petition for the appointment of Jewel Jackson, but that particular petition does not appear in the records presented to this court, and the court appointed neither Miss Marie Jackson nor Jewel Jackson, but did appoint Mrs. Ella Jackson. On account of the relation of the parties it must be assumed that they all knew of the death of Robert J. Haney, and at least one of the parties, Mrs. Ella Jackson, had been legally notified on or about

March 2nd that Robert J. Haney left a will, and that the same had been filed for probate in Muskogee county. The original petition filed in the Carter county court did not advise that court whether the minor did or did not have a "guardian legally appointed by will." This was perhaps upon the theory that the testamentary appointment had not yet become effective and final when the petition was filed in Carter county on March 11th. When Hurban H. Haney, on March 13th, advised the county court of Carter county that he was designated in the will to be guardian, that court properly continued the hearing pending the effort to probate the will, but after the will had been probated and the testamentary appointment of guardian had become final and complete, the county court of Carter county, although fully advised thereof, disregarded the same, apparently upon the theory that the Muskogee county court had been in error in finding that the minor resided in Muskogee county; thereupon the county court of Carter county, without allegation or proof of finding that Hurban H. Haney was an unfit person or was in any manner disqualified, substituted its conclusion for that of the testator, and found that Mrs. Ella Jackson "would be and is a more proper person, * * *" and appointed her as guardian of the minor. This was wholly in error, as said court had no authority to overrule or reverse the finding of the Muskogee county court as to the residence of the minor, and had no authority to select and appoint a "more proper person" as guardian of the minor, when the person then serving as guardian under the testamentary appointment had not been shown, either by any allegation or any proof, to be unfit or disqualified.

It is insisted that the Carter county court had complete jurisdiction to act upon the petition filed March 11th, and assuming that to be true, it must be borne in mind that this petition made no reference whatever to any guardian appointed by will, and was apparently filed to procure the appointment of a guardian for a minor who had no guardian appointed by will, and the court properly proceeded to fix a date and thereafter to conduct a hearing on said petition, but when it developed and was made to appear at such hearing that the minor had a guardian "legally appointed by will," and that such guardian had qualified and was acting, there existed then no authority in the Carter county court to proceed on the petition filed March 11th, and to determine that the judgment of the Muskogee county court was erroneous, and that a guardian who was a more proper person should be appointed in lieu of the guardian then acting under testamentary appointment.

Nor has the petitioner called the attention of the Muskogee county court to its alleged lack of jurisdiction. In Alberty v. Parks, 128 Okla. 178, 261 P. 940, the following rule is announced:

"It is a rule generally observed by the courts that an application for a writ of prohibition restraining an inferior court from proceeding in a cause will not be entertained until lack of jurisdiction of the cause is called to the attention of the court in some manner."

To the same effect is Kincannon v. Pugh, 114 Okla. 90, 243 P. 945. And while those decisions apply exceptions to the general rule, we find in the instant case no reason why the general rule should not be made to apply.

On March 20th a motion was filed in the Muskogee county court to vacate the appointment of Hurban H. Haney as guardian, challenging both the correctness of the order in finding that the minor was a resident of that county and the finding that Hurban H. Haney was a fit person to be guardian. This squarely and directly presented these matters, and no reason is shown why that would not be the proper manner and method to attack the appointment of Hurban H. Haney as guardian, but for some reason, which is not stated, that motion to vacate was withdrawn on March 28th. Our statutes provide methods by which the appointment in Muskogee county may yet be called in question in that court, and that court has full authority at any time to remove any guardian who is an unfit person to be guardian. And from any order which that court should make or refuse to make, provision of law is made for appeal. That would be the usual course of procedure provided by law. The same appears to be fully adequate and does not show that the plaintiff in this case would suffer any great or unusual injury by following such usual course of procedure (Cheyne v. County Court of Craig County, 69 Okla. 167, 171 P. 19), and in such cases the writ of prohibition should not issue. Pioneer Telephone & Telegraph Co. v. Bartlesville, 27 Okla. 214, 111 P. 207; Pendley v. Allen, Justice of the Peace, 45 Okla. 510, 145 P. 1157; Spradling v. Hudson, District Judge, 45 Okla. 767, 146 P 588; State ex rel. Mose v. District Court of Marshall County, 46 Okla. 654, 149 P. 240; State ex rel. Davis v. Barnett, 68 Okla. 123, 171 P.

1109; Taylor v. Freeman, 76 Okla. 211, 184 P. 761; Billings Hotel v. City of Enid, 77 Okla. 122, 186 P. 1085; Board of Com'rs of Carter County v. Worten, District Judge, 128 Okla. 104, 261 P. 553.

It seems to be urged on the part of the plaintiff that because a petition for appointment of guardian was first filed in Carter county, alleging that the minor resided in that county, the filing of such petition gave to the Carter county court the first and prior right to hear and determine the question of the residence of the minor, but it is suggested that prior to any filing in Carter county, the will, with petition to probate the same, was filed in the Muskogee county court, and that, since the will named a person to be guardian, on account thereof the Muskogee county court would have the first and prior right to pass upon the question of fact as to the place of residence of the child. We think neither contention is necessarily correct. The plaintiff cites and relies upon the rule fixed by statute and decisions of this court in reference to probate cases for the administration of the estate of deceased persons, and it is the general rule that when jurisdiction to administer upon an estate is assumed and acted upon by one of the county courts of the state, the same is a bar to administration in any other of the county courts of the state. In Sewell v. Christison, County Judge, 114 Okla. 177, 245 P. 632, this court held in the third syllabus paragraph as follows:

"Where the county court of one county has found, as a fact, and thus judicially determined, that the deceased was at the time of his death a resident of that county, and has duly issued letters of administration of the estate of the deceased, the jurisdiction thus acquired is exclusive and such letters of administration are a bar to administration proceedings in another county court of the state."

And in the body of the opinion this court quoted and approved the following language from Freeman on Judgments:

"Where two actions involving the same issue or issues, between the same parties or their privies, are pending at the same time, so that a final judgment in one would be res judicata or a bar in the other, when the judgment in one becomes final it may be urged in the other by appropriate proceedings, regardless of which action was begun first. It is the first final judgment, although it may be in the second suit, that renders the matter res judicata in the other suit."

And further, in the body of the opinion, this court said:

"We are in accord with this doctrine, and accordingly hold that the county court of Caddo county having determined the jurisdictional facts in favor of its jurisdiction, and having rendered its judgment, such judgment is conclusive, unless avoided in it direct proceeding, and that the county court of Oklahoma county is not at liberty to disregard such judgment."

In that case petitions seeking to administer on the estate of Martin v. Swell, deceased, were filed in Caddo county, also in Oklahoma county and the court held that the appointment being first made in Caddo county was a bar to further proceedings in Oklahoma county, and that the validity of the order in Caddo county could not be disregarded or reversed or vacated by the Oklahoma county court, and prohibition was granted against the Oklahoma county court.

In Powers v. Brown, 122 Okla. 40, 252 P. 27, this court considered the original action to prohibit the county court of Pittsburg county from proceeding further in the matter of the guardianship of a minor. Both the county court of Pittsburg county and the county court of Latimer county had made and entered their orders, each appointing a different person as guardian for the minor; the order was made in Latimer county a few days prior to the appointment in Pittsburg county. This court held that the jurisdiction acquired in Latimer county was exclusive and a bar to like guardianship proceedings in all other counties of the state. In syllabus 2 and 3 in that cause this court held:

"The county court of Latimer county in guardianship proceedings having found the necessary jurisdictional facts and having issued letters of guardianship, such guardianship proceedings are not subject to a collateral attack unless the proceedings are void upon their face.

"A 'collateral attack' on a judgment or judicial proceeding is an attempt to avoid, defeat, or evade it, or to deny its force and effect in some manner other than by appeal, writ of error, certiorari, or motion for a new trial, or by proper action in equity."

And the county court of Pittsburg county was prohibited from proceeding further in the matter of said guardianship.

None of these authorities deal with the appointment or qualification of a guardian appointed by will, and the plaintiff cites no authority which would authorize the county court of Carter county to disregard the order of the Muskogee county court, or to reverse or overrule the same. This is not primarily a matter dealing with the juris-

diction of the county court of Carter county, because it is a court of general probate jurisdiction, but under the rule in Sewell v. Christison, supra, the matter of the residence of the child had been adjudicated in the Muskogee county court, and that fact was made known to the Carter county court prior to the time of the appointment in Carter county.

We do not know whether this child resided in Muskogee county or in Carter county upon the dates in question, but the matter was first determined in the Muskogee county court, and in whatever county the minor resided the testamentary appointment of Hurban H. Haney as her guardian should be approved in the absence of a showing of unfitness or disqualification.

The plaintiff urges that the testamentary guardian, Hurban H. Haney, submitted himself to the jurisdiction of the Carter county court, and is therefore estopped to question the jurisdiction or action of that court. It is true that when a petition was filed in Carter county court by Pat Whitfield, seeking the appointment of Marie Jackson as guardian of Bernice Haney, the testamentary guardian did appear in the cause and advised the court that a will was pending probate, and that he was designated therein to be guardian of the minor. It was his duty to do this in order that the Carter county court might be advised that such a will was pending probate, and when he suggested to that court that he, himself, was the proper person to be appointed guardian, he was but acting in furtherance of the expressed intent of his deceased brother, and when thereafter the will was admitted to probate and he had qualified as guardian, he called that matter to the attention of the Carter county court by an appropriate pleading. It could not be said that it was his duty to remain silent and permit the Carter county court to proceed in the matter as if there were no testamentary guardian. We see nothing in this conduct which would in any manner prejudice the position of the testamentary guardian. But, for that matter, we are not primarily concerned with the right of Hurban H. Haney to be guardian of this minor, nor with the right of Mrs. Ella Jackson to be guardian of the minor, but we are concerned with the right of the father during his lifetime, by will, to appoint a guardian for his child, and with the duty of the courts to recognize this right, and with the further duty of the courts of this state to give du eregard to the judgments of courts of co-ordinate jurisdiction, when they are established and presented as a bar to further proceedings having to do with the same subject-matter.

The pivotal question in this case is not which county court had jurisdiction to appoint a guardian for this minor under the general guardianship statute, section 1419, O. S. 1931, supra. That statute applies in cases where there is no "guardian legally appointed by will" In this case there was a "guardian legally appointed by will." The pivotal question then, is, Which county court had jurisdiction to consider the testamentary appointment and approve confirmation of same and fix and accept bond? or, more strictly speaking, since the Muskogee county court did so act, and since this is an action to prohibit that court, the exact question is, Did that court have jurisdiction to so act? The testamentary appointment could not be presented to any court until the will had been admitted to probate. Thereupon the matter was immediately submitted to the Muskogee county court, which court proceeded upon the theory that the minor was still a resident of that county where she had previously resided for some years with her father, and where she then owned a home, and that court made a finding that she was then a resident of that county. It is true there was then pending in the Carter county court a petition seeking guardianship of the minor under section 1419, supra, as if there was no guardian legally appointed by will, in which petition it had been alleged that the minor resided in Carter county. There had been no determination on that petition. It was filed by a person not related to the minor, and related only by marriage to the adoptive father of the minor. The fact that such a petition was pending could not affect the right which the father had exercised, that is, the right to appoint a guardian of his daughter by will. Nor could such petition affect the jurisdiction of the Muskogee county court to consider the testamentary appointment of a guardian, after the will had been admitted to probate and it was thereby made to appear that there was a guardian "legally appointed by will." This testamentary appointment had not at that time been submitted to any other court for its action, and could not have been submitted to any court for action thereon prior to the probate of the will on March 15th, but the same was submitted to and considered and acted upon by the Muskogee county court on March 15th. That court had jurisdiction and authority to so act.

We hold that the county court of Muskogee county properly acted; that the county court of Carter county was wholly without authority to disregard the testamentary appointment and to disregard or overrule the order of the Muskogee county court; that Hurban H. Haney is the legal guardian of Bernice Haney, a minor, and that his appointment as such guardian will not be disturbed by prohibition.

The writ of prohibition is denied.

CULLISON. V. C. J., and ANDREWS, McNEILL, OSBORN, BAYLESS, and BUSBY, JJ., concur. RILEY, C. J., and SWINDALL, J., absent.

BUSBY, J. (specially concurring). I concur in the conclusion reached herein, to wit: That the guardianship appointment by the Muskogee county court is the valid one. But this, for the reason that the petition for probate of will designating the appointment of guardian filed in the Muskogee county court vested that court with jurisdiction of the subject-matter under consideration. When the jurisdiction of that court was invoked first, and its machinery placed in motion, it retained its control to the end of the controversy to the exclusion of a court of co-ordinate jurisdiction. To hold that the time of appointment determines jurisdiction would, in my opinion, promote mad races between courts of co-ordinate jurisdiction to see which could enter a final order first. This would tend to discourage that deliberation so essential to a determination of the rights of parties in judicial tribunals.