THURMAN et al. v. CHILDERS, State Auditor.

No. 32531. Feb. 4, 1947.

*177 P. 2d 108.*

L. G. Hyden, of Oklahoma City, for plaintiffs.

Mac Q. Williamson, Atty. Gen., and James W. Bounds, Asst. Atty. Gen., for defendant.

PER CURIAM. A writ of mandamus is sought in this original action to compel the State Auditor to allow salary claims for services rendered as extra help from July 1 to July 25, 1945, in the office of the State Examiner and Inspector. Payment of the claims from the Governor's Emergency and Contingency Fund was denied in Wells v. Childers, 196 Okla. 355, 165 P. 2d 371. Payment is now sought from funds appropriated by S. B. 181, 1945 S. L. 465.

Prior to the employment, the Attorney General advised that in the absence of an emergency clause, S. B. 181 would not become effective until July 26, 1945, and therefore the funds appropriated would not be subject to obligation prior to that time.

While the act upon its effective date made an appropriation for the purpose for the entire fiscal year, the act, prior to its effective date, did not authorize the employment or the creation of any debt or obligation against the funds subsequently available. Section 23, art. 10, Const. There is no indication contained in the act, supra, of a retroactive effect to the implied authority for employment, and as no other authority is relied upon, and a request for the audit as contemplated by S. B. 233, Title 64, ch. 1, p. 247, S. L. 1945, is not shown to exist until after July 30, 1945, the writ, under authority of Board of Com'rs of Carter County v. Worten, 128 Okla. 104, 261 P. 553, must be denied.

HURST, C.J., and RILEY, OSBORN, BAYLESS, GIBSON, and ARNOLD, JJ., concur. DAVISON, V.C.J., and WELCH and CORN, JJ., dissent.